UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

|  |  |
|---|---|
| DAWN SCOTT-IVERSON, | **DECISION** |
| Plaintiff, | **and** |
| v. | **ORDER** |
| INDEPENDENT HEALTH ASSOCIATION, INC., | **13-CV-451A(F)** |
| Defendant. |  |

_____

APPEARANCES:        FRANK T. HOUSH, ESQ.
                    Attorney for Plaintiff
                    70 Niagara Street
                    Buffalo, New York    14202

                    KAVINOKY & COOK, LLP
                    Attorneys for Defendant
                    R. SCOTT DELUCA, of Counsel
                    726 Exchange Street, Suite 800
                    Buffalo, New York  14210


        In this Title VII case alleging employment discrimination based on Plaintiff's race

and gender, by papers filed February 22, 2016, Defendant moved to compel Plaintiff's

deposition scheduled to continue on February 22, 2016 (Dkt. 80) ("Defendant's

motion").  Pursuant to this court's order, Dkt. 77, Defendant was permitted to depose

Plaintiff for a maximum of four days and the first day of Plaintiff's deposition, as the

parties had agreed, was conducted February 17, 2016 . Dkt. 80-1 ¶ 16.  Pursuant to this

agreement, Plaintiff's deposition was also scheduled to continue on February 22 and

23, 2016.  *Id.* ¶ 14.  Prior to the scheduled commencement time for the continuation of

Plaintiff's deposition on February 22, 2016, Defendant was notified by Plaintiff less than

90 minutes prior to the agreed start time, Dkt. 80-1 at ¶ 18, that Plaintiff would not

appear for such deposition, Dkt. 80-1 ¶ 19, without explanation, and was refusing to

appear for the February 23, 2016 deposition as well.  *Id.*  According to Plaintiff, who is an African-American woman, Plaintiff's refusal resulted from Plaintiff's belief that during an off-the-record break in Plaintiff's first deposition session on February 17, 2016, Defendant's attorney engaged in several comments, including references to Plaintiff's relationship with her husband, a prior meeting Defendant's attorney had with a popular African-American musical artist, and a gratuitous reference to Plaintiff's age, Dkt. 81-1 ¶¶ 7, 8, 10-11, which comments Plaintiff found to be racially tinged, "offensive," "rude," and "demeaning."  Dkt. 81-1 ¶¶ 7, 12.  According to Plaintiff, although no objection to Defendant's attorney's comments was, upon resumption of Plaintiff's testimony at the first deposition session, placed on the record, Dkt. 82 ¶ 8, following completion of Plaintiff's deposition which lasted about 4 ¼ hours, Dkt. 80-1 ¶ 16, Plaintiff explained to Plaintiff's attorney about Defendant's attorney's comments that Plaintiff believed Defendant's attorney was attempting to "degrade and intimidate" Plaintiff and that such conduct would "affect the quality of my [Plaintiff's] testimony."  Dkt. 81-1 ¶ 13.

In opposition to Defendant's motion, Plaintiff moves, Dkt. 81, to terminate Plaintiff's deposition pursuant to Fed.R.Civ.P. 30(d)(3)(A) & (B) ("Rule 30(d)(3)___") based on Defendant's asserted abuse and humiliation of Plaintiff, Dkt. 81 ¶¶ 2, 3 by uttering "deeply offensive racial and misogynist comments" during the February 17, 2016 deposition ('Plaintiff's motion").  *Id.*  Alternatively, Plaintiff requests the court appoint a special master to supervise Plaintiff's further deposition, *id.* ¶ 9, at Defendant's sole expense.  *Id.*  Plaintiff also requests the court compel Defendant to cooperate in scheduling the deposition of Defendant's witnesses, Dkt. 81 ¶¶ 14-15 and that the court modify the Second Amended Scheduling Order, Dkt. 78 ("Second

Amended Scheduling Order") to extend the period for discovery based on the difficulties that have arisen because of Defendant's attorney's alleged misconduct.  *Id.* ¶¶ 16-17.

In opposition to Plaintiff's motion to terminate Plaintiff's deposition, Defendant contends Defendant's attorney has apologized to Plaintiff for any unintended discomfiture  Defendant's attorney's comments may have caused Plaintiff, Dkt. 80-1, ¶ 24; Dkt. 82 ¶ 23, that Plaintiff's perception that Defendant's attorney's comments were so egregious as to amount to improper harassment of Plaintiff within the scope of Rule 30(d)(3) thereby adversely affecting Plaintiff's capacity to testify are without support in that notice of Plaintiff's complaints were not placed on the record of the deposition immediately after hearing Defendant's attorney's comments, and Plaintiff delayed four and one-half days before providing notice of Plaintiff's complaint and refusal to attend the February 22, 2016 session of her deposition.  Dkt. 82 ¶¶ 9-10.  With respect to Plaintiff's alternative request for appointment of a special master to supervise Plaintiff's deposition pursuant to Fed.R.Civ.P. 53(a), Defendant notes such appointments are typically reserved for complex matters likely to raise numerous technical objections. Dkt. 82 ¶ 20.  As to Plaintiff's motion to compel depositions of Defendant's witnesses, Defendant notes Plaintiff has failed to meet and confer in good faith to avoid judicial intervention with respect to this matter as required by Local R.Civ.P. 7(d)(4) and Fed.R.Civ.P. 37(a)(1), Dkt. 82 ¶¶  26, 31, and Plaintiff's motion is untimely as the cut-off date of February 1, 2016 for  motions to compel fact discovery established by the Second Amended Scheduling Order has passed.  Defendant also notes that Plaintiff delayed issuing any discovery demands until January 29, 2016, making it difficult to

reasonably schedule depositions of Defendant's witnesses prior to the date of February

29, 2016 for completion of fact discovery in this case.  Dkt. 82 ¶ ¶ 48-49.

Courts have broad discretion to oversee the pretrial discovery process in federal

civil cases and remediate actions which interfere or undermine the benefits of the

discovery process.  *See Soley v. Wasserman*, 2016 WL 321176, at *2 (2d Cir. Jan. 27,

2016) ("The district court is afforded wide discretion in evaluating the sufficiency of

discovery.") (citing *Wills v. Amerada Hess Corp.*, 379 F.3d 32, 41 (2d Cir. 2004)

(recognizing district court's "broad discretion" to direct and manage the pre-trial

discovery process)).  Regarding deposition practice, Rule 30(d)(2) authorizes the court

to impose sanctions when someone "impedes, delays, or frustrates the fair examination

of the deponent."  Fed.R.Civ.P. 30(d)(2).  Additionally, as relevant, Rule 30(d)(3)(A)

permits the court to terminate a deposition where a party conducts the deposition "in a

manner that unreasonably annoys, embarrasses, or oppresses the deponent or party."

"'In general, counsel should not engage in any conduct during a deposition that would

not be allowed in the presence of a judicial officer.'"  *United States ex rel. Kelly Baltazar*

*v. Warden*, 302 F.R.D. 256, 258 (N.D.Ill. 2004) (quoting Advisory Committee Notes to

1993 Amendments to Rule 30(d)(3)).  Thus, accusations of lying by a witness, or

threatening a witness or other "inappropriate, insulting, and offensive" remarks by

opposing counsel are not permitted.  *Id.* at 262, 265.  Nor will courts permit questioning

or comments about a witness's employment, family or personal life.  *Horton v. Maersk*

*Line, Ltd.*, 294 F.R.D. 690, 699 (S.D.Ga. 2013).  Pursuant to Fed.R.Civ.P. 26(c) ("Rule

26(c)") courts have broad authority to protect a witness against annoyance,

embarrassment and oppression for good cause.  Courts should also use their "authority

to maintain standards of civility and professionalism" during the conduct of depositions. *Redwood v. Dobson*, 476 F.3d 462, 469-70 (7th Cir. 2007)).   However, in this case, the alleged misconduct attributed to Defendant's attorney occurred during an off-the-record break in the testimony and while directed to Plaintiff was not recorded.   Significantly, neither party cites to any authority extending Rule 30(d)(3) or Rule 26(c) to such off-the-record comments which do not constitute questioning of Plaintiff as a witness. Notwithstanding, it is not inconceivable that misconduct by an examining attorney could take place during breaks in a deposition requiring judicial intervention under the court's plenary authority to oversee discovery.   Even if the court's supervisory authority under Rules 30(d)(3) and 26(c) extended to such off-the-record comments, based on the information available to the court, Plaintiff's assertion that counsel's comments were racially tinged, rude, and demeaning appear somewhat strained.   While Defendant's counsel admits that during a break in the February 17, 2016 deposition, he alluded, jokingly, to Plaintiff's influence over Plaintiff's husband ("Plaintiff had her husband wrapped around her little finger"), Dkt. 82 ¶ 5, such comment was intended as a form of "friendly off-the-record banter," *id.*, although, in retrospect, ill-advised.   Similarly, counsel's reference to his prior encounter with the pop-music star, 50 Cent, according to counsel was also "off-the-record chitchat."   *Id.* ¶ 6.   How such a casual reference, unrelated to the deposition, without more, to an African-American male celebrity could reasonably be perceived as a racially demeaning comment directed to Plaintiff, causing Plaintiff to take offense and impair her ability to testify, is not explained by Plaintiff. Counsel's reference to Plaintiff's age appears gratuitous and one better avoided even if intended as part of a benign effort to make "small-talk," Dkt. 82 ¶ 20, during a deposition

break.  Thus, the court fails to see how counsel's comments, even if, in retrospect, unwise, constitute insulting or oppressive misconduct justifying Plaintiff's unilateral and belated refusal to attend the February 22, 2016 deposition session or warranting a termination of the deposition pursuant to Rule 30(d)(3) or Rule 26(c).

Plaintiff's complaint is further undermined by Plaintiff's failure to immediately place an objection to counsel's alleged misconduct on the record, upon resumption of the deposition, as Rule 30(d)(3) requires, and Plaintiff's unexplained delay in raising the issue with Defendant until just prior to the scheduled commencement of the February 22, 2016 deposition session, thereby disrupting the schedule for completing discovery in this case.  Accordingly, even if counsel's off-the-record comments made during a break in Plaintiff's deposition testimony are considered as conduct reviewable under Rule 30(d)(3)(A), on this record the court is unable to find that such conduct can fairly be characterized as constituting unreasonable deposition harassment, annoyance, oppression or embarrassment warranting, Rule 26(c), a permanent termination of Plaintiff's deposition as Plaintiff apparently seeks.  *See* Dkt. 81 ¶ 9 (requesting, alternatively, that Plaintiff's deposition be supervised by a special master).  As such, there is no reason to further consider Plaintiff's alternative request that should the court permit a resumption of Plaintiff's deposition, that the deposition be overseen by a special master and such request is therefore denied.  Defendant's attorney may, however, wish to avoid any off-the-record contact with Plaintiff during Plaintiff's further deposition sessions.

Regarding Plaintiff's request to extend discovery based on Defendant's alleged failure to cooperate in scheduling depositions of Defendant's witnesses, Defendant

opposes this request contending Plaintiff has failed to demonstrate good cause for such request.  Dkt. 82 ¶¶ 44-45.  Defendant points specifically to Plaintiff's unexplained failure to conduct discovery prior to Plaintiff's requests dated January 29, 2016, Dkt. 81-2 at 5, in a more timely manner.  Dkt. 81 ¶¶ 46-47.  While the court does not disagree that Plaintiff's discovery efforts in this case have been unexplainably tardy, and that Plaintiff could have raised the matter of Defendant's counsel's deposition comments with the court herself without awaiting Defendant's (predictable) motion, nevertheless resolution of the instant issue caused by Defendant's counsel's comments will delay timely completion of discovery.  Accordingly, Plaintiff's request to extend the Second Amended Scheduling Order will be granted.  Plaintiff is advised, however, that further unjustified delay in completing discovery will not be tolerated.

Finally, given that Plaintiff's unilateral refusal and without fair notice to Defendant, to attend Plaintiff's scheduled February 22, 2016 deposition session appears to the court to have been without substantial justification, Plaintiff shall show cause why Defendant's deposition costs and those incurred in connection with Defendant's motion should not be awarded pursuant to Fed.R.Civ. P. 37(a)(5) and (d)(1).  Plaintiff's showing shall be filed not later than 14 days from the date of this Decision and Order; Defendant's response shall be filed not later than five days thereafter.  Oral argument shall be at the court's discretion.

**CONCLUSION**

Defendant's motion (Dkt. 80) is GRANTED; Plaintiff's motion (Dkt. 81) is DENIED

in part and GRANTED in part.  A Third Amended Scheduling Order will be

simultaneously filed with this Decision and Order.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____

LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated:  March 1, 2016
          Buffalo, New York