UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DAWN SCOTT-IVERSON,

                           Plaintiff,

    v.

INDEPENDENT HEALTH ASSOCIATION, INC.,

                           Defendant.
_____

**DECISION
and
ORDER**

**13-CV-451V(F)**

APPEARANCES:   FRANK T. HOUSH, ESQ.
                      Attorney for Plaintiff
                      70 Niagara Street
                      Buffalo, New York   14202

                      KAVINOKY & COOK, LLP
                      Attorneys for Defendant
                      R. SCOTT DELUCA, of Counsel
                      726 Exchange Street, Suite 800
                      Buffalo, New York  14210

**JURISDICTION**

This matter was referred to Hon. H. Kenneth Schroeder by Judge Richard J. Arcara for all pretrial matters on August 1, 2013 (Dkt. 8).  It was re-referred to the undersigned by Judge Arcara on October 29, 2014 (Dkt. 41), and is presently before the court on Defendant's Request for Attorneys Fees and Costs (Dkt. 58).

**BACKGROUND and FACTS[1]**

In this employment discrimination case pursuant to Title VII, 42 U.S.C. §§ 2000e *et seq.*, Plaintiff alleges job discrimination based on Plaintiff's race and gender.  By papers filed May 14, 2015 (Dkt. 50), Defendant moved to compel Plaintiff's answers and

---

[1]  Taken from the papers and pleading filed in this action.

documents responsive to Defendant's interrogatories and document requests which had been served on March 24, 2015.  Defendant's discovery requests requested information regarding Plaintiff's educational background, identification of witnesses to the acts of discrimination alleged by Plaintiff, Plaintiff's mental health, facts supporting Plaintiff's claim, details concerning Plaintiff's damages and subsequent employment.  Defendant also requested documents related to these requests including EEOC documents, and documents supporting Plaintiff's claims and mental health records.  Defendant also requested time within which to conduct discovery limited to Defendant as Plaintiff had so far failed to conduct discovery, and an award of Defendant's attorneys fees and costs of the motion to compel.

Defendant's motion was necessitated by Plaintiff's unexplained failure to respond to Defendant's numerous attempts, by letter, telephone, text messages and e-mails, to determine when Plaintiff expected to respond to Defendant's discovery requests; however, Plaintiff also failed to respond to these communications except for a single text message on May 7, 2015, in which Plaintiff represented that Plaintiff's responses would be served on May 12, 2015, but were not.  Plaintiff's responses to Defendant's motion was scheduled by the court to be filed by June 10, 2015; oral argument was scheduled for June 23, 2015. (Dkt. 51).  Plaintiff's request, filed June 9, 2015, to extend Plaintiff's time to respond to Defendant's motion was denied by the court on June 15, 2015 (Dkt. 54).  At oral argument Plaintiff provided no justification for Plaintiff's failure to timely respond to Defendant's discovery requests and the court accordingly granted Defendant's motion from the bench.  Thereafter, on July 6, 2015, Plaintiff opposed Defendant's request for unlimited discovery as a sanction for Plaintiff's failure to take

any discovery and Defendant's request for attorneys fees (Dkt. 57).  Following additional briefing requested by the court on Defendant's request for additional discovery limited to Defendant, Defendant's request for attorneys fees, and Plaintiff's request for additional time within which to take discovery, on August 5, 2015 (Dkt. 62) the court denied Defendant's request for unilateral discovery, granted Plaintiff's and Defendant's request for additional time to complete discovery, and granted Defendant's request for attorneys fees and costs in connection with Defendant's motion to compel.  The Declaration of R. Scott DeLuca in support of Defendant's request for attorneys fees and costs incurred by Defendant in connection with Defendant's motion was filed on July 6, 2015 (Dkt. 58) ("DeLuca Declaration") along with Exhibit A describing legal work performed by Mr. DeLuca on behalf of Defendant in the preparation of Defendant's motion based on time records recording Mr. DeLuca's work measured in $1/10^{th}$ of an hour increments spent on each activity and the amount billed to Defendant based on Mr. DeLuca's hourly billing rate of $210 reduced from $275/hr., ("DeLuca Declaration Exh. A") seeking $3,801 for 18.1 hours of legal work.  Although Mr. DeLuca records his time units of $1/10^{th}$ of an hour, the billing entries aggregate such time units and provide summaries of the work performed in a block-billing format.

    On August 19, 2015, Plaintiff filed the Opposition to Defense Counsel's Declaration in Support of Request for Fees and Costs (Dkt. 63) ("Plaintiff's Opposition"). On August 28, 2015, Defendant filed Reply Declaration of Laurie Boreanaz Carra, Esq. In Support of Defendant's Request for Attorneys Fees (Dkt. 68) ("Boreanaz Reply Declaration") and the Reply Declaration of R. Scott DeLuca in Support of Defendant's Request for Attorneys' Fees (Dkt. 69) ("DeLuca Reply Declaration") together with

Exhibit A which details Defendant's request for an additional award of $1,890 for nine hours of work in preparing and defending Defendant's fee application. Like Exhibit A to the DeLuca Declaration, Exhibit A to the DeLuca Reply Declaration ("DeLuca Reply Declaration Exh. A") aggregates Mr. DeLuca's time spent on Defendant's fee application and provides summaries of the work performed on the specific date using the block-billing format. Oral argument was deemed unnecessary. Based on the following, Defendant's Request for Attorneys Fees and Costs is GRANTED in the amount of $4,027.80.

## DISCUSSION

In awarding attorneys fees and costs to the prevailing party in connection with a motion to compel discovery, pursuant to Fed.R.Civ.P. 37(a)(5)(C) ("Rule 37(a)(5)(C)"), the court first determines the lodestar amount which is the product of a reasonable hourly rate for the attorney who worked on the motion and a reasonable number of time expended on the litigation of the motion plus reasonable expenses incurred in producing the motion. *See Robbins & Myers, Inc. v. J.M. Huber Corp.*, 2011 WL 5326259, at *2 (W.D.N.Y. Nov. 3, 2011) (citing *Millea v. Metro-North R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011)). "[I]n calculating the lodestar amount, the initial burden is on the requesting party to submit evidence supporting the number of hours worked and the hourly rate claimed." *Id.* at *3 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). A prevailing party may also request attorneys fees and costs incurred in connection with the preparation and defense of [its] attorneys fees award." *Robbins & Myers, Inc. v. J.M. Huber Corp.*, 2010 WL 3992215 at *10 (quoting *Weyant v. Okst,* 198 F.3d. 311, 316 (2d Cir. 1999)); *see also Romeo and Juliette Laser Hair Removal, Inc. v. Assara*, 2013 WL 3322249, at *3

(S.D.N.Y. July 3, 2012) (successful party on fee award entitled to reimbursement of costs caused by other party's conduct (citing *Fox v. Vice*, __ U.S. __, 131 S.Ct. 2205, 2211 (2011))).  Where the supporting documentation is insufficient to enable the court to determine whether particular time entries were redundant or unnecessary, the court may, in its discretion, use a general across-the-board percentage deduction "'as a practical means of trimming fat from the fee application.'"  *Id.* (quoting *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999)).

In this case, as noted, Defendant's initial fee application, filed July 6, 2015, requested $3,801 for 18.1 hours of work by Defendant's counsel, R. Scott DeLuca, based on Mr. DeLuca's $210/hr. billing rate, Dkt. 58, at 7, which Mr. DeLuca states represented a discounted rate for Defendant compared to his standard billing rate of $275/hr.  Dkt. 58, DeLuca Declaration ¶ 14.  On August 18, 2015, Defendant also requested an additional $1,890 for nine hours of work by Mr. DeLuca in defending Defendant's fee application. Dkt. 69 at 8.

In opposition, Plaintiff contends that Defendant's fee request is based on an excessive amount of attorney time, including several assertions of time – over six hours – spent in consultation between Mr. DeLuca and Defendant's Senior Deputy Counsel, Laurie Carra, Housh Declaration, Dkt. 63, ¶ ¶ 1-8; 8-10, which Plaintiff claims is an "aberration" and thus unnecessary.  Plaintiff also disputes Mr. DeLuca's stated hourly rate of $210 as "[t]oo high" asserting, based on Plaintiff's counsel's "experience" support that such hourly rate is "50% higher than the market rate for legal counsel in this community for attorneys of Mr. DeLuca's experience and . . . record[.]"  Dkt. 63 ¶ 15.  Plaintiff also requests a hearing to determine the actual facts of Mr. Deluca's work on

the motion in light of DeLuca's statement that he was the "sole author" of Defendant's motion despite the necessity of over six hours of consultation with Ms. Carra on Defendant's motion and fee application.  Dkt. 63 ¶ 20.

At the outset, the record demonstrates that Defendant satisfied the meet and confer prerequisite to any fee award required by Fed.R.Civ.P. 37(a)(1).  Specifically, Defendant communicated with Plaintiffs attorney in one letter, two e-mails, one telephone call and a text message between March 24, 2015 and May 12, 2015 in an effort to avoid Defendant's motion to compel Plaintiff's responses to Defendant's discovery requests which had, when Defendant's motion was filed on May 14, 2015, been outstanding since April 24, 2015, *i.e.*, 30 days after service of Defendant's discovery requests.  See Fed.R.Civ.P. 33(b)(2) (interrogatory answers dues 30 days after service), 34(b)(2)(A) (responsive documents to be served 30 days after request).  While Plaintiff responded to Defendant's May 7, 2015 text message that Plaintiff intended to serve Plaintiff's response by close of business on May 12, 2015, Dkt. 50 Exh. G, no such responses were received and Defendant's motion followed.  Dkt. 50 Exh. H.  Further, although not raised by Plaintiff, Defendant's use, as reflected in the DeLuca Declaration Exh. A and to the DeLuca Reply Declaration Exh. A, of "block billing," *i.e.*, involving a summary of legal tasks, without particularization and related time, performed within a stated time period, increases the difficulty "for a court to determine the reasonableness of the time spent on each of the individual services or tasks provided," *Romeo and Juliette Laser Hair Removal, Inc.*, 2013 WL 3322249, at *7 (internal quotation marks and citations omitted), thereby warranting "an across the board reduction."  *Id.*

The court first addresses whether the amount of time Defendant maintains was required by Mr. DeLuca to prepare, file and argue Defendant's motion, was reasonable. While the court acknowledges Plaintiff's contention that Defendant's motion papers were straightforward and did not require extensive research and drafting, a competent lawyer would have been required to engage in the series of communications Mr. DeLuca effected with Plaintiff's attorney in an attempt to gain compliance with Defendant's outstanding discovery requests as required by Rule 37(a)(1), a review of the file and actual drafting of Defendant's fourteen page motion with a supporting declaration attaching eight exhibits showing Defendant's compliance with Rule 37(a)(1) but without a supporting memorandum of law.  For example, Plaintiff does not dispute the reasonableness of Defendant's request for reimbursement of 2.5 hours to prepare for and appear at oral argument on Defendant's motion after which Defendant's motion was granted and attorneys fees awarded.  As to Plaintiff's assertions that Defendant is seeking reimbursement for 6.95 hours of consultation time between Mr. DeLuca and Ms. Carra, based on Mr. DeLuca's repeated references to communications with Ms. Carra, a fair reading of the relevant block billing entries submitted by Mr. DeLuca indicates that other legal work relating to Defendant's motion was being performed by Mr. DeLuca on each occasion between May 7, 2015 and June 24, 2015 when these communications occurred.  For example, Defendant's billing for June 10, 2015, Dkt. 58 at 7, indicates Mr. DeLuca logged 2.6 hours while engaging in the preparation of Defendant's opposition to Plaintiff's motion (Dkt. 54) to grant Plaintiff additional time to respond to Defendant's motion and also exchanged e-mails with Ms. Carra regarding this subject.  Experience suggests that the bulk of Mr. DeLuca's logged hours on this

occasion would have been devoted to working on his opposing declaration and not e-mail contacts with Ms. Cara in the form of a status report.  Although Ms. Carra indicates she reviews "all motion papers submitted in court on behalf of" Defendant, Dkt. 68 ¶ 4, it does not necessarily follow that such review also involved substantial revising of Mr. DeLuca's drafts sufficient to negate Mr. DeLuca's billing for preparation of Defendant's motion.  The court acknowledges that although some consultation with and reporting to a client regarding the status of a litigation matter is to be expected of out-side litigating counsel like Mr. DeLuca, it is possible that unnecessary or excessive client oversight and communications with litigating counsel may not, in a particular case, justify reimbursement of related attorneys fees.  However, based on the facts presented here, it cannot be said that the communications between counsel and his client on a relatively routine legal matter resulted in any significant amount of unnecessary billable time by Deluca relating to Defendant's motion.  Thus, the court finds there is no basis for Plaintiff's objection that Defendant seeks reimbursement for 6.95 hours of DeLuca's communications with Ms. Carra and, for the same reason, there is no need for the evidentiary hearing to ascertain the actual facts underlying this issue as Plaintiff also requested.

   As to Mr. DeLuca's $210 billing rate, the court finds Plaintiff's objection that such rate is 50% higher than comparable attorney charges in the Buffalo market is without merit.  Specifically, as an attorney with approximately fifteen years of experience, Mr. DeLuca, who has practiced employment law in this court since 1999, qualifies as an experienced attorney.  As such, an hourly billing rate of $210 is actually below market. *See Langhorne v. Takhar Group Collection Services, Ltd.*, 2016 WL 1177980, at *2

(W.D.N.Y. Mar. 24, 2016) ($300 per hour reasonable for experienced attorney; $175 reasonable for newer attorney); *Rich Products Corp. v. Bluemke,* 2014 WL 860364, at *5 (W.D.N.Y. Mar. 4, 2014) ($245/hr. billing rate for attorney with 15 years experience reasonable).  Accordingly, for purposes of calculating the lodestar amount, the court finds Mr. DeLuca's hourly billing rate of $210 to be reasonable in this district's market.

Defendant's fee request relating to Defendant's motion includes .9 hours of time on June 25, 2015 and 2.8 hours of time on July 6, 2015 relating to preparations of Defendant's fee reimbursement request representing $777 in fees which should be included in Defendant's request for attorneys fees and defending Defendant's request. Reducing Defendant's request of $3,801.00 by $777 leaves $3,024.  Because of Defendant's use of the block-billing the court applies a 15% reduction to eliminate possible redundancy and excessive time, producing $2,570.40.  *See Romeo and Juliette Laser Hair Removal, Inc.*, 2013 WL 3322249, at *7.  The court also applies a 15% reduction to trim fat, *id.* at *3, resulting in an attorney fee award in connection with Defendant's motion of $2,184.84.

As to the apportionment of the responsibility for Defendant's motion and allocation of the attorneys fee award between Plaintiff and Plaintiff's attorney required under Fed.R.Civ.P. 37(b)(2)(C), where the record as here fails to indicate whether Plaintiff's failure to timely provide responses to Defendant's discovery request was caused by Plaintiff or Plaintiff's counsel, liability for the award shall be shared jointly by both.  *See Rich Products Corp.*, 2014 860364, at *6 (where record does not indicate the refusal to provide discovery responses was directed by clients or was solely the result of

"professional judgment of counsel," liability for award of attorneys fees to be "jointly borne" by defendants and their attorney).

Finally, a review of Defendant's submission, DeLuca Reply Declaration Exh. A, for an award of attorneys fees incurred by Defendant in preparing and defending Defendant's application shows the court should reach a similar result.  Specifically, Defendant's time records indicate Mr. DeLuca, Defendant's attorney, logged nine hours of work reviewing the court's order granting Defendant's motion, reviewing relevant billing records, authority, preparation and filing of Defendant's fee application, reviewing and responding to Plaintiff's opposition to the application including preparation of Defendant's Reply Declaration and Exhibit A and related reporting to Ms. Carra.  Reducing this amount by 30% for redundancies inherent in Defendant's block-billing and to eliminate probable unnecessary time ('fat trimming') results in a reasonable amount of billable time of 6.3 hours for this phase of the litigation of Defendant's motion and multiplied by Mr. DeLuca's billing rate of $210/hr. yields $1,323.  As discussed, Discussion, *supra*, 9-10, liability for this award is also to be imposed jointly against Plaintiff and Plaintiff's counsel.

## CONCLUSION

Based on the foregoing, Defendant's fee application in the amount of $3,507.84 is GRANTED.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated:   April 14, 2016
        Buffalo, New York