UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DAWN SCOTT-IVERSON,

                            Plaintiff,

  v.

INDEPENDENT HEALTH ASSOCIATION, INC.,

                            Defendant.
_____

**DECISION
and
ORDER**

**13-CV-451V(F)**

APPEARANCES:       FRANK T. HOUSH, ESQ.
                            Attorney for Plaintiff
                            70 Niagara Street
                            Buffalo, New York    14202

                            KAVINOKY & COOK, LLP
                            Attorneys for Defendant
                            R. SCOTT DELUCA, of Counsel
                            726 Exchange Street, Suite 800
                            Buffalo, New York  14210

**JURISDICTION**

In this employment discrimination case, by Decision and Order, 2016 WL 787961 (W.D.N.Y. Mar. 1, 2016) (Dkt. 83), ("March 1, 2016 D&O"), the court granted Defendant's motion, pursuant to Fed.R.Civ.P. 37(d)(1)(A) ("Rule 37(d)(1)(A)"), to compel Plaintiff's attendance at Plaintiff's deposition as previously ordered by the court (Dkt. 77) permitting Defendant to conduct Plaintiff's deposition over a four-day period. The matter is presently before the court on Defendant's application for an award of expenses incurred in connection with Defendant's motion to compel Plaintiff's attendance at three further deposition sessions (Dkt. 80) ("Defendant's motion"). Defendant's motion was necessitated by Plaintiff's refusal to appear for the second day

1

of Plaintiff's deposition, February 22, 2016, scheduled to commence at 9:30 a.m. as agreed by the parties.  Plaintiff first informed Defendant's counsel by e-mail sent at approximately 8:00 a.m. on that day through her attorney that Plaintiff, without any previous notice or explanation to Defendant, would also refuse to attend the third day of her deposition scheduled for February 23, 2016.  In opposition to Defendant's motion, Plaintiff asserted her refusal to appear for her further deposition sessions was prompted by her belief that certain off-the-record comments made by Defendant's attorney, R. Scott DeLuca, during breaks during her first deposition session on February 17, 2016, had conveyed racial and sexist overtones perceived by Plaintiff as demeaning and intended to degrade and intimidate Plaintiff, thereby adversely affecting the "quality" of her expected testimony.  Dkt. 81-1 ¶¶ 7, 12, 13.  Plaintiff therefore requested the court terminate her deposition pursuant to Fed.R.Civ.P. 30(d)(3)(A) ("Rule 30(d)(3)(A)") because Plaintiff found Defendant's counsel's remarks to be "deeply offensive racial and misogynist comments."  Dkt. 81 ¶¶ 2, 3.  Plaintiff alternatively requested a special master be appointed to supervise any further deposition of Plaintiff.  *Id.* ¶¶ 8-9.  In granting Defendant's motion the court dismissed Plaintiff's characterizations of Defendant's attorney's comments as being racial and gender tinged finding, based on a consideration of the comments, Plaintiff perceptions "somewhat strained," March 1, 2016 D&O at 5, and that there were no grounds to find Defendant's counsel's comments constituted unreasonable annoyance, embarrassment or oppression of Plaintiff to warrant termination under Rule 30(d)(3)(A) of Plaintiff's further scheduled deposition sessions or appointment of a special master to supervise such deposition.  March 1, 2016 D&O at 6.  Based on its review of the record, the paucity of authority

addressing alleged deposition misconduct during an off-the-record break, the implausibility of Plaintiff's perceived racial and gender-based slights directed to her by Defendant's attorney, and Plaintiff's failure to make timely objections and inform Defendant of her intention to refuse to attend the February 22, 2016 continuation of her deposition, the court granted Defendant's motion directing Plaintiff's deposition be conducted and timely completed in accordance with the court's prior order (Dkt. 77). The court further required Plaintiff to show cause why Defendant's deposition costs and those incurred in connection with Defendant's motion should not be awarded pursuant to Fed.R.Civ.P. 37(d)(3) which requires the court to award reasonable expenses including attorneys fees to the prevailing party unless the failure was substantially justified or an award of expenses would be unjust ("Rule 37(d)(3)").

In accordance with the March 1, 2016 D&O's direction to show cause, Plaintiff filed on March 15, 2016, the Affirmation of Frank Housh in Opposition to Rule 37 Sanctions (Dkt. 86) ("Housh Affirmation"); on March 21, 2016, Defendant filed Attorney Declaration Regarding the Court's Order to Show Cause Concerning Sanctions Against Plaintiff (Dkt. 87) ("DeLuca Declaration").  Plaintiff first contends sanctions should not be imposed because Plaintiff's appearance and participation in the conduct of Plaintiff's first deposition on February 17, 2016 constituted "substantial compliance" with the court's prior order granting Defendant permission to conduct Plaintiff's deposition over a maximum of four days (Dkt. 77), and, accordingly, Plaintiff's refusal to appear for the second session of her deposition on February 22, 2016, as well as the third session scheduled for February 23, 2016, was substantially justified.   Housh Affirmation ¶¶ 3-6. Second, Plaintiff argues that an award of sanctions would be "unjust" under the

circumstances that Plaintiff's "reasonable and good faith belief represented good cause to terminate the [Plaintiff's] depositions," Housh Affirmation ¶ 12, Plaintiff's good faith belief that Defendant's counsel's continued presence at the deposition would "deleteriously affect" Plaintiff's ability to testify, Housh Affirmation ¶ 10, and that Defendant's counsel's conduct constituted a violation of Rule 30(d)(3)(A)'s prohibition against embarrassing and oppressive conduct during the February 17th deposition session. *Id.* ¶ 11.

In support of an award of sanctions, Defendant contends that given the court's finding in the March 1, 2016 D&O that Plaintiff's complaints of racial and gender intimidation directed to her by defense counsel's comments, intended by counsel as "small-talk," during deposition breaks, Dkt. 80-1 ¶ 20, had no reasonable basis, such complaints therefore could not excuse Plaintiff's belated and unilateral decision to terminate the deposition by refusing to appear on February 22nd as scheduled. DeLuca Declaration ¶¶ 9-10. Defendant also contends that Plaintiff's assertions that she held a reasonable belief that defense counsel's comments constituted improper deposition conduct is contradicted by the fact that neither Plaintiff nor Plaintiff's attorney brought such "reasonable belief," Dkt. 86 ¶ 12, to the attention of Defendant's attorney by placing them on the record of the February 17, 2016 deposition or requesting a termination of the deposition to facilitate application to the court as Rule 30(d)(3)(A) (deponent or party may request court to terminate or limit deposition if conducted in "bad faith" or "in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party") provides. DeLuca Declaration ¶¶ 11-12. As such, Defendant contends Plaintiff's refusal to attend the February 22, 2016 deposition session was

4

without substantial justification, warranting an award of sanctions pursuant to Rule 37(d)(1) (authorizing award of sanctions for a party's failure to appear for party's deposition). Defendant also contends that under the relevant circumstances, it will not be unjust to award sanctions against Plaintiff, Rule 37(d)(3) (no sanctions to be awarded where "other circumstances make an award of expenses unjust"). Specifically, Defendant explains that upon learning later during the morning of February 22nd from an encounter, at approximately 9:30 a.m., with Plaintiff's attorney of the alleged reasons for Plaintiff's refusal to attend the February 22, 2016 deposition, without conceding any impropriety, Mr. DeLuca offered an apology to Plaintiff through Plaintiff's attorney if any of the comments had somehow offended her and agreed to limit further off-the-record discussions to administrative matters related directly to the deposition. DeLuca Declaration ¶¶ 26, 27. As Defendant notes, had such "apology" been accepted by Plaintiff, the deposition could have proceeded presumably later that day, obviating the need for Defendant's motion; however, Mr. DeLuca's offer was rejected by Plaintiff's counsel at that time without explanation, except for Plaintiff's counsel's representation that Plaintiff intended to file an unspecified motion with the court. *Id.* ¶¶ 22-27; 29-30.

Under Rule 37(d)(3) the court is required to award reasonable expenses, including attorneys fees, to the prevailing party on a motion to compel attendance at a party's scheduled deposition when the party's failure to appear was not "substantially justified or other circumstances make an award of expenses unjust." A party refusing discovery, in this case Plaintiff's failure to appear for her deposition previously noticed and scheduled by agreement for February 22, 2016, is substantially justified in refusing discovery where a "'genuine dispute'" existed or "'if reasonable people could differ as to

5

the appropriateness of the contested action," *Parsi v. Daioleslam*, 778 F.3d 116, 126 (D.C. Cir. 2015) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal citations and brackets omitted)), such as where a party believed caselaw supported its position. *Id.* (citing *Maddow v. Proctor & Gamble Co.*, 107 F.3d 846, 853 (11th Cir. 1997)). "Whether a party was substantially justified in resisting discovery is determined by an "'objective standard of reasonableness and does not require that the party have acted in good faith.'" *Underdog Trucking, L.L.C. v. Verizon Services Corp.*, 273 F.R.D. 372, 377 (S.D.N.Y. 2011) (quoting *Bourne of New York City, Inc. v. AmBase Corp.*, 161 F.R.D. 258, 262 (S.D.N.Y. 1995) (citing *Pierce*, 487 U.S. at 565)). An award of expenses is unjust under Rule 37(d)(3) where the circumstances of a party's refusal show an inability to comply by factors outside the party's control such as a disability preventing a request for judicial relief, or a physical inability to appear for a deposition such as travel restrictions related to incarceration or a deponent's serious illness. *See Restis v. American Coalition Against Nuclear Iran, Inc.*, 2014 WL 1870368 at *4 (S.D.N.Y. Apr. 25, 2014) (deponent's travel restrictions, if documented, could have excused appearance at deposition).

     Plaintiff's opposition to Defendant's request for an award of sanctions pursuant to Rule 37(d)(3) is without merit for several reasons. First, it is well-established that a witness at a deposition is required to provide testimony, subject to an objection based on privilege or misconduct by the deposing party, *see* Fed.R.Civ.P. 30(c)(2) (all objections to evidence and conduct issues to be placed on the record of the deposition) ("Rule 30(c)(2)"), in response to the deposing party's questions until excused by the deposing party or termination of the deposition by the court. *See Jones v. Niagara*

*Frontier Trans. Authority,* 836 F.2d 731, 735 (2d Cir. 1987) (plaintiff's refusal to answer deposition questions at court ordered deposition absent a valid claim of privilege warranted dismissal of plaintiff's complaint).  *See also Gordon v. Semrug*, 2016 WL 259578, at *1 (W.D.N.Y. Jan. 21, 2016) (citing *Jones*, 836 F.2d at 734-35).  Plaintiff's assertion that by attending the first of three deposition sessions, Plaintiff has substantially complied with the court's order permitting Plaintiff's deposition be taken for up to four days, if accepted, would allow deponents to decide for themselves when their obligation to attend and complete a scheduled deposition was satisfied, thereby injecting a potentially chaotic element into an important phase of pretrial discovery without support in Fed.R.Civ.P. 30 as demonstrated by the unnecessary proceedings engendered by Plaintiff's unilateral refusal to proceed with Plaintiff's February 22, 2016 deposition session.  Plaintiff points to no authority for such a disruptive theory and the court's research reveals none.  Second, Plaintiff fails to explain how (or why), if Defendant's attorney had created a reasonable belief in the demeaning and intimidating nature and impact of the allegedly offending comments, and the negative effects such comments would have on her deposition testimony,[1] Plaintiff was nonetheless able to conduct herself "cooperatively," Housh Affirmation ¶ 5, answering "all questions completely and in good faith," *id.*, over a period of four and one-half hours, "a full day of questioning," in spite of one or more of such offensive comments.  Housh Affirmation ¶ 3.  If Plaintiff reasonably (and genuinely) believed that Mr. DeLuca's comments were so intimidating that she could not proceed with the deposition, Plaintiff's failure either to report this interference with her ability to testify to her attorney, to make any mention of

---

[1]  The record does not specify when during Plaintiff's deposition testimony the offending comments by Defendant's attorney occurred.

7

it on the record at that time as required by Rule 30(c)(2) (all objections to questions and the deposing party's conduct to be placed on the record) or to suspend the deposition as permitted by Rule 30(d)(3)(A) in order to seek immediate judicial intervention during the two business days, Thursday and Friday, following her testimony at the February 17th deposition session by moving for an order pursuant to Rule 30(d)(3)(A), demonstrates that Plaintiff's rationalizations for her refusal to continue with her deposition lack credibility.  Indeed, it is remarkable that if Mr. DeLuca's comments were as offensive as Plaintiff now claims, such offensiveness was not also perceived by her attorney during the deposition and an objection immediately lodged on the record by counsel as required by Rule 30(c)(2), a fact not included in his affidavit.  *See* Housh Affidavit (*passim*).

   Nor, contrary to Plaintiff's further contention, Housh Affirmation ¶ 10, is there any reason opposing the award of sanctions under Rule 37(d)(3) because under the circumstances such an award would be unjust.  Here, the court has determined that Plaintiff's belief that Mr. DeLuca's off-the-record comments during breaks at Plaintiff's first deposition, addressed in more detail in the March 1, 2016 D&O, constituted a form of race and gender based intimidation was, on this record, unfounded and did not excuse Plaintiff's unilateral and belated refusal to appear for her second deposition four days later on February 22, 2016.  In the court's opinion, no reasonable person would conclude that Plaintiff's perception, as stated by Plaintiff, that Mr. DeLuca's comments during the breaks in the February 17, 2016 deposition, such as recounting his meeting with an African-American entertainer (50 Cent) which Plaintiff characterized as a "racial slur [ ]," Dkt. 81 ¶ 13, and an oblique reference to Plaintiff's age, Dkt. 81-1 ¶¶ 9-11,

which Plaintiff thought was rude and demeaning, Dkt. 81-1 ¶ 12, and an effort to "degrade and intimidate" Plaintiff, Dkt. 81-1 ¶ 12, implied any improper references to Plaintiff based on her race, gender or age calculated to intimidate her as a witness or interfere with her testimony.  Plaintiff's assertion that her perceptions were based on good faith, Dkt. 86 ¶ 10, is irrelevant as the test for substantial justification is objective, not subjective.  See Underdog Trucking, L.L.C., 273 F.R.D. at 377.

Further, as discussed, Discussion, supra, at 7-8, Plaintiff's failure to promptly request a protective order immediately following Mr. DeLuca's purported intimidation by applying to the court within the two business days, Thursday, February 18, and Friday, February 19, 2016, when it was available for such purpose or to immediately inform Defendant, and, instead, delaying notice to Defendant of Plaintiff's intended refusal to appear until approximately 90 minutes prior to the commencement of the scheduled deposition, far from evidencing a genuine dispute concerning her refusal to appear, supports an inference that the purported reasons for Plaintiff's refusal simply were not credible and, instead, constituted an improper attempt to avoid giving further testimony thereby frustrating Defendant's legitimate effort to prepare its defense.  This conclusion is reinforced by Plaintiff's more recent assertion that her refusal was the subject of "extensive meetings between [her] attorney and client [Plaintiff] between her testimony on February 17, 206 and her scheduled testimony February 22, 2016."  Housh Affirmation ¶ 7.  In contrast, although Plaintiff, in response to Defendant's motion, stated that "[a]fter the testimony had concluded, I discussed my feelings with my attorney and the fact that Mr. DeLuca makes me so uncomfortable that I feel that it will affect the quality of my testimony," Dkt. 81-1 ¶ 13, nothing in Plaintiff's Affidavit in opposition to

9

Defendant's motion and in support of Plaintiff's motion to terminate the deposition, Dkt. 81-1 (*passim*), indicates her decision to refuse to attend the February 22, 2016 deposition was the result of "extensive meetings" with Mr. Housh over the intervening four-day period.  Rather, crediting Plaintiff's averment that Plaintiff's distress was identified by Plaintiff and communicated to Mr. Housh only upon conclusion of the February 17, 2016 deposition, it is reasonable to find that Plaintiff's adverse reaction to Mr. DeLuca's comments could have been communicated to her attorney during the deposition with an objection placed on the record as required by Rule 30(c)(2).  The parties could have then attempted to resolve the issue amicably or Plaintiff could have sought immediate  judicial assistance, thus avoiding disrupting the agreed schedule for completing Plaintiff's deposition and the instant (and time-consuming) motion practice to obtain Plaintiff's compliance causing delayed completion of fact discovery in this case.[2]  Plaintiff's opposition to Defendant's application for expenses is also undermined by Plaintiff's alternative request that a special master be designated to supervise any further deposition sessions the court may direct as it fails to explain how Plaintiff's alleged intimidation by Mr. DeLuca, Housh Affirmation ¶ 10 ("Plaintiff's ability to testify completely and accurately would be deleteriously affected by defense counsel's presence . . ..") (underlining added) (referencing Affidavit of Dawn Scott-Iverson, Dkt. 81-1, ¶ 12 ("Mr. DeLuca makes me so uncomfortable that I feel that it [Deluca's presence] will affect the quality of my testimony (bracketed material added)), who is likely to conduct such further depositions as Defendant's counsel, would be dissipated by the presence of a special master as Plaintiff requested.

---

[2]  As a result of Defendant's motion, the court was required to approve an amended Scheduling Order extending the period for fact discovery by 60 days.  Dkt. 84

Additionally, Plaintiff points to no circumstances supporting that Plaintiff's appearance at the February 22, 2016 deposition session was prevented by factors outside Plaintiff's control which would make an award unjust.  For example, Plaintiff could have appeared as scheduled on February 22, 2016, and placed her objection to DeLuca's conduct on the record with a demand that defense counsel refrain from any gratuitous comments during breaks such as those Plaintiff purportedly found rude and offensive, a demand that given Mr. DeLuca's attempted apology, rebuffed by Plaintiff, he expressed to Mr. Housh immediately upon being informed of Plaintiff's complaint by Housh later during the morning of February 22, 2016, when Mr. Housh verbally advised him of Plaintiff's purported upset, should have resolved the problem.  In sum, based on this record a reasonable person would not find substantially justified Plaintiff's refusal to attend the second deposition session on February 22, 2016 based on Plaintiff's subjective reactions to Mr. DeLuca's comments during, or over the four-day period following, Plaintiff's first deposition session and Plaintiff points to no facts which reasonably could excuse her refusal to attend.  As such, Plaintiff's refusal was without substantial justification and there are no circumstances that would make an award of expenses incurred in connection with Defendant's motion unjust.  Given that the record supports finding that Plaintiff, and not Mr. Housh, was solely responsible for her refusal to attend the February 22, 2016 and the February 23, 2016 deposition sessions, the award should be against Plaintiff in accordance with Rule 37(a)(3).

## CONCLUSION

Based on the foregoing, Defendant's application for expenses in connection with Defendant motion (Dkt. 87) is GRANTED.  Defendant shall file Defendant's statement of

its attorneys fees and costs <u>within</u> <u>30</u> <u>days</u>; Plaintiff's opposition shall be filed within <u>14</u> <u>days</u> thereafter.  A hearing on Defendant's application will be scheduled at the discretion of the court.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
    LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: April 14, 2016
       Buffalo, New York