UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DAWN SCOTT-IVERSON,

                        Plaintiff,

    v.

INDEPENDENT HEALTH ASSOCIATION, INC.,

                        Defendant.
_____

**DECISION and ORDER**

**13-CV-451V(F)**

APPEARANCES:        FRANK T. HOUSH, ESQ.
                            Attorney for Plaintiff
                            70 Niagara Street
                            Buffalo, New York    14202

                            KAVINOKY & COOK, LLP
                            Attorneys for Defendant
                            R. SCOTT DELUCA, of Counsel
                            726 Exchange Street, Suite 800
                            Buffalo, New York  14210

      Before the court is Defendant's application filed May 11, 2016, Dkt. 96, for fees and expenses incurred by Defendant in prosecuting Defendant's motion to compel Plaintiff's deposition (Dkt. 80) ("Defendant's application").  Familiarity with the prior proceedings is presumed.  In its award of Defendant's attorneys fees as a sanction, the court found, pursuant to Fed.R.Civ.P. 37(a)(3), Plaintiff, and not her attorney, to be primarily responsible for the need for Defendant to file its motion to compel.  Dkt. 91 at 11.  Plaintiff's response to Defendant's application was due fourteen days after the filing of Defendant's application.  Dkt. 91 at 12.  To date, no response has been filed by Plaintiff.

      In a prior Decision and Order, filed April 14, 2016 (Dkt. 90) granting Defendant's earlier motion to compel, the court determined $210 per hour as a reasonable hourly

billing rate for Defendant's attorney, R. Scott DeLuca.  Based on such rate, Defendant now requests $6,813.18 for its attorneys fees and costs.  Dkt. 96 at 7.  Defendant's application is based on 32.15 hours of time expended by Mr. DeLuca and $61.68 in legal research expenses.  Dkt. 96 at 12-13.  In the absence of any opposition by Plaintiff, the court is unable to find Defendant's application to be unreasonable.  Nevertheless, the court, in its discretion, reduces the amount requested by Defendant for reimbursement of Defendant's attorneys fees by 30% to avoid possible redundancy and excessive time, *see Romeo and Juliette Laser Hair Removal, Inc. v. Assara,* 2013 WL 3322249, at *8 (S.D.N.Y. July 2, 2012) (court may reduce fee application in its discretion to 'trim fat' and avoid redundancy (citing *McDonald v. Pension Plan of the NYSA-ILA Pension Trust Fund*, 450 F.3d 91, 96 (2d Cir. 2006) ("A district court may exercise its discretion and use a percentage deduction as a practical means of trimming fat from a fee application." (quotation marks and citation omitted))).  Accordingly, the court finds Defendant's application should be reduced by $2,025.45 to $4,726.05 for attorneys fees plus $61.68 in related expenses for a total of $4,787.73.

## CONCLUSION

Defendant's application in GRANTED in the amount of $4,787.73 to be paid by Plaintiff.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated:  June 21, 2016
         Buffalo, New York