UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DAWN SCOTT-IVERSON,

                          Plaintiff,

          v.

INDEPENDENT HEALTH ASSOCIATION, INC.,

                          Defendant.
_____

**DECISION
and
ORDER**

**13-CV-451V(F)**

APPEARANCES:          FRANK T. HOUSH, ESQ.
                      Attorney for Plaintiff
                      70 Niagara Street
                      Buffalo, New York    14202

                      KAVINOKY & COOK, LLP
                      Attorneys for Defendant
                      R. SCOTT DELUCA, of Counsel
                      726 Exchange Street, Suite 800
                      Buffalo, New York  14210


     In this employment discrimination case, Plaintiff, by papers filed April 1, 2016,

moves to compel discovery, in particular, Defendant's answers to Plaintiff's First Set of

Interrogatories and Document Requests and for sanctions (Dkt. 88) ("Plaintiff's motion").

Defendant's opposition, (Dkt. 92), was filed April 19, 2016 ("Defendant's Opposition").

Oral argument was conducted May 4, 2016, (Dkt. 94), following which the court

reserved decision and permitted the parties, at the parties' option, to file supplemental

briefing.  Defendant's Supplemental Memorandum of Law was filed May 18, 2016 (Dkt.

98) ("Defendant's Supplemental Memorandum"); Plaintiff's Submission of Authority

Following Oral Argument, an affidavit of Frank T. Housh, Esq., was filed May 23, 2016

(Dkt. 101) ("Housh Affidavit").

Specifically, Plaintiff argues that by papers served by e-mail to Defendant's attorney, R. Scott Deluca ("DeLuca") dated January 29, 2016, Plaintiff requested Defendant serve answers to Plaintiff's First Set of Interrogatories and Plaintiff's First Set of Document Requests, and that Defendant provide dates for Plaintiff's deposition of Defendant's employees Joel Marinaccio and Lisa Miles.  Dkt. 88 ¶ 2; Dkt. 88-1 at 1; Dkt. 88-2 at 1-4; Dkt. 88-2 at 5 ("Plaintiff's discovery requests").  On March 15, 2015, Plaintiff sent another e-mail to DeLuca advising Defendant responses to Plaintiff's discovery requests had not been received, demanding Defendant's responses ("Plaintiff's March 15, 2016 e-mail").  Dkt. 88-3 at 1.  Defendant's responses were served on Plaintiff's attorney by e-mail on March 18, 2016.  Dkt. 88-4 at 1.  In its opposition to Plaintiff's motion, Defendant contends, first, that as Defendant had not consented to service by e-mail as authorized by Fed.R.Civ.P. 5(b)(2)(E) (permitting service by electronic means provided person to be served has consented in writing) ("Rule 5(b)(2)(E)"), Dkt. 92 ¶ 6, Defendant's responses were not untimely under Fed.R.Civ.P. 33(b)(2) (answers to interrogatories to be served within 30 days after party served with requesting party's interrogatories) ("Rule 33(b)(2)") and Fed.R.Civ.P. 34(b)(2)(A) (written responses to document requests due within 30 days after responding party served with requests) ("Rule 34(b)(2)(A)"), and therefore no 30-day period for Defendant's responses had commenced and as Defendant's responses were therefore not untimely Defendant did not, contrary to Plaintiff's contention, Dkt. 88 ¶¶ 7-9, waive any objections.  Based on Plaintiff's view that Defendant's responses, which included objections were untimely thereby waiving all objections, Plaintiff's motion seeks Defendant's responses which are "unredacted, unmitigated, and without recourse or consideration to any objections of

2

any kind." Dkt. 88 ¶ 11.  Second, Defendant contends that because DeLuca and his

assistant had recently endured a debilitating illness, Defendant's responses to Plaintiff's

discovery requests were delayed beyond the February 29, 2016 due date, and that on

March 2, 2016, Defendant e-mailed Plaintiff's counsel advising counsel of this fact and

advised that Plaintiff should expect Defendant's responses by March 12, 2016

("Defendant's March 2, 2016 e-mail"). Dkt. 92 at 11.  Plaintiff did not respond to

Defendant's March 2, 2016 e-mail, Dkt. 92 ¶ 10, nor did Plaintiff file a motion to compel

at that time despite the fact that Defendant's responses were then overdue, assuming

Plaintiff's discovery requests had been properly served by e-mail on January 29, 2016.

Contrary to Defendant's March 2, 2016 representation, Defendant nevertheless failed to

serve Defendant's responses by March 12, 2016 (Dkt. 92 ¶ 11); instead, in response to

Plaintiff's March 15, 2016 e-mail reminding DeLuca Defendant's responses were,

according to Plaintiff, overdue and inquiring whether Defendant intended to respond,

DeLuca telephoned Plaintiff's counsel and agreed to extend the period for service of

Defendant's responses to March 15, 2016, confirming, *inter alia*, such agreement by

sending Plaintiff's counsel an e-mail later the same day ("Defendant's March 18, 2016

e-mail") Dkt. 92 at 14.  In concluding this e-mail, DeLuca stated that "[i]f anything in this

e-mail is inaccurate or incorrect, please advise me immediately (otherwise I will

presume that everything herein is correct and accurate."). *Id.* DeLuca received no

response from Plaintiff to Defendant's March 18, 2016 e-mail, Dkt. 92 ¶ 15, which

Plaintiff's counsel does not deny receiving.  As stated in Defendant's March 15, 2015 e-

mail, Defendant's responses were served on March 18, 2016.  Dkt. 92 ¶ 17; Dkt. 88-4 at

1; Dkt. 88 ¶ 10.  The record does not indicate any further communications between the

parties regarding Defendant's responses until Plaintiff's motion was filed approximately two weeks later.  Defendant therefore contends Plaintiff's motion is baseless ("frivolous and in bad faith"), Dkt. 88 ¶ 16, warranting an award of Defendant's attorneys' fees incurred in opposing Plaintiff's motion pursuant to Fed.R.Civ.P. 37(a)(5)(B) ("Rule 37(a)(5)(B)").  Dkt. 92 ¶¶ 41-42.

According to Plaintiff, Plaintiff's attorney had a telephone conversation with DeLuca on March 17, 2016[1] in which he advised DeLuca that Defendant's responses were late, and that as a result any objections Defendant may have intended to state had been waived.  Dkt. 88 ¶¶ 7-9.  Because, according to Plaintiff, Defendant's responses were untimely, *i.e.*, not served by February 29, 2016 pursuant to Rules 33(b)(2) and 34(b)(2)(A), Defendant's objections in such responses are deemed waived, Dkt. 88 ¶¶ 11-13 (citing *Land Ocean Logistics, Inc. v. Aqua Gulf Corp.*, 181 F.R.D. 229, 236 (W.D.N.Y. 1998)), Plaintiff's motion should be granted, and sanctions should be awarded pursuant to Fed.R.Civ.P. 37(c).  Dkt. 88 ¶ 16.

In its Supplemental Memorandum, Defendant reasserts its contentions that (1) Defendant was never properly served electronically with Plaintiff's discovery requests under Rule 5(b)(2)(E) and therefore its responses were never overdue under Rule 33(b)(2) and Rule 34(b)(2)(A), and (2) even assuming Plaintiff's discovery requests were properly served, the period for Defendant's response was extended by the March 15, 2016 telephone conference between DeLuca and Plaintiff's attorney to March 18, 2015 as confirmed by Defendant's March 18, 2018 e-mail.  Defendant further argues Plaintiff's motion was filed without compliance with Fed.R.Civ.P. 37(a)(1) (requiring

---

[1]   There is no evidence in the record to confirm this telephone conversation, however, as Defendant does not specifically dispute it took place, the court is unable to determine whether Plaintiff intended to reference the March 15, 2016 conversation or another, subsequent, conversation on March 17, 2016.

moving party to include affidavit explaining good faith effort to avoid judicial intervention in a discovery dispute).  Defendant also notes Plaintiff's motion to denominate any deficiencies in Defendant's responses.  Dkt. 98 at 3.  Accordingly, Defendant states that because Plaintiff's motion is not substantially justified, sanctions should be awarded against Plaintiff pursuant to Rule 37(a)(5)(B).  *Id.* at 5.

In the Housh Affidavit, Plaintiff argues that Plaintiff did not assent to Defendant's request for additional time to respond to Plaintiff's discovery requests because no caselaw supports that by the failure of Plaintiff's counsel to object to Defendant's March 15, 2016 e-mail confirming the parties agreement to extend to March 18, 2016 the period for Defendant's responses to be served, an agreement assertedly reached during a telephone call between DeLuca and Plaintiff's attorney, that occurred approximately 45 minutes after Plaintiff sent Plaintiff's e-mail reminding DeLuca that Defendant's responses were overdue, Plaintiff cannot be held to such extension of time. Dkt. 101 ¶¶ 6-8.  Plaintiff also contends that as Defendant had previously refused to extend to Plaintiff similar discovery related accommodations, and had created a "hostile and contumacious environment" it was "implausible" that Plaintiff had provided Defendant the accommodation or extension of time to serve its discovery responses Defendant now claims Plaintiff's counsel consented to during the March 15, 2016 telephone conversation and had impliedly confirmed upon receipt of the March 15, 2016 e-mail without objection.  *Id.* ¶¶ 10-12.  Plaintiff's motion is without merit for several reasons.

First, Plaintiff contends e-mail service in this case consistent with Rule 5(b)(2)(E) had been established through a "course of conduct" between the parties.  *See* Dkt.101

¶ 8 ("Court should look to accepted practice in this case to determine whether consent was given.").  However, a careful review of Plaintiff's motion and the Housh Affidavit fails to provide a single example where the parties served pleadings or formal discovery demands such as Plaintiff's discovery demands sent to DeLuca by the January 29, 2016 e-mail, which are the subject of Plaintiff's motion, and Plaintiff does not dispute that absent a written consent by Defendant to accept e-mail service, Plaintiff's interrogatories and document requests must, in order to support a motion to compel under Fed.R.Civ.P. 37(a)(3)(B), have been served on DeLuca as required by Fed.R.Civ.P. 5(b)(1) (service of discovery papers within the scope of Fed.R.Civ.P. 5(a)(1)(C) to be served on attorney for party unless court orders service upon party). Plaintiff has therefore provided no evidence of any "course of conduct," or "accepted practice" sufficient to show Defendant acquiesced in Plaintiff's service of Plaintiff's discovery demand by e-mail, absent a written consent authorizing such form of electronic service, and Rule 5(b)(2)(5) provides for no such alternative evidence of the required consent.  Thus, the 30-day period for Defendant's responses that would be required under Rule 33(b)(2) and Rule 34(b)(2)(A), had Defendant been properly served, was not commenced by Plaintiff's purported service of Plaintiff's discovery requests by the January 29, 2016 e-mail, Defendant's responses were not tardy, and Plaintiff's motion should be DENIED on that ground.

Second, even if it assumed that Plaintiff's discovery requests were properly served electronically by the January 29, 2016 e-mail under Rule 5(a)(1)(C) and Rule 5(b)(2)(E), Plaintiff and Defendant entered into a stipulation authorized by Fed.R.Civ.P. 29 on March 15, 2016, during the telephone conversation between Plaintiff's counsel

and DeLuca, as confirmed by Defendant's March 15, 2016 e-mail, extending through March 18, 2016 the period for serving Defendant's responses.  Defendant's e-mail sent to Plaintiff's counsel within approximately 45 minutes of Defendant's receipt of Plaintiff's March 15, 2016 e-mail and immediately following their subsequent telephone conversation, Dkt. 92 at 14, reminding Defendant that Defendant's responses were then overdue included the specific request – not disputed by Plaintiff – that Plaintiff's counsel immediately advise DeLuca if Plaintiff disagreed with DeLuca's statement that Plaintiff's counsel and DeLuca had agreed during their preceding telephone conversation to extend the period for Defendant's responses to be served through March 18, 2016, three days later.  Under these circumstances, Plaintiff's counsel had an affirmative duty to object timely to DeLuca or be held to have acquiesced to, and thereby agreed as a stipulation under Rule 29 to, the extension of time Defendant had requested.[2]  As the record unambiguously establishes, Defendant's intent in sending the March 15, 2016 e-mail was to document the agreement reached verbally in the earlier phone conversation between DeLuca and Plaintiff's attorney in which, according to the e-mail, the two attorneys agreed that Defendant could serve its responses by March 18, 2016, which was done.  That the failure of Plaintiff's counsel to promptly communicate to DeLuca any disagreement with this recapping of the stipulation as the e-mail had expressly invited Plaintiff's counsel to do, strongly supports a finding that such an agreement had in fact been made.  *See* Fed.R.Evid. 801(d)(2)(B) treating as admissible non-hearsay evidence an admission "a party manifested that it adopted or believed to be true."  The party's silence or failure to deny or protest a statement is probative of the statement's

---

[2]   As a result of a 2007 amendment, Rule 29 no longer requires the stipulation be in writing.  *See I/P Engine, Inc. v. AOL, Inc.,* 283 F.R.D. 322, 324 n. 3 (E.D. Va. 2012).

truth where "it reasonably can be expected that a person in the party's position would protest the statement if it were untrue."  Graham C. Lilly, AN INTRODUCTION TO THE LAW OF EVIDENCE, 223 (West Publishing Co., 2d. ed. 1987).  Such an adoptive admission is chargeable to the party against whom it is offered, here Plaintiff, where it is attributable to a party's agent, in this case Plaintiff's attorney, when it arises within the scope of such agency relationship.  Fed.R.Evid. 801(d)(2)(D).  Generally, attorneys, as agents of their clients, have authority to attend to routine litigation matters such as adjournments and accommodations with opposing counsel without prior approval of a client.  *See Gomez v. City of New York*, 805 F.3d 419, 423-24 (2d Cir. 2015) (recognizing general rule that "'our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent.'" (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 634 (1962), does not apply to such non-routine matters as stipulating to dismissal of action).

Additionally, both Rule 33(b)(2) and Rule 34(b)(2)(A) expressly contemplate that the deadlines applicable to discovery responses may be extended by stipulation pursuant to Fed.R.Civ.P. 29 (parties may stipulate that "procedures governing discovery may be modified").  It is basic that a stipulation is a form of agreement under the law of contracts and is binding without consideration.  BLACK'S LAW DICTIONARY at 1641(10th ed. 2014).  As such, Plaintiff's agreement to the stipulation may be inferred from the Plaintiff's counsel's silence or failure to respond to DeLuca's March 15, 2016 e-mail expressly sent to confirm such stipulation.  *See* G. Banks, N.Y. CONTRACT LAW § 2:6 (West's N.Y. Pract. Series 2006) (one's intent to form a contract "may be based on inferences drawn from his or her silence") (citing *Surrey Strathmore v. Dollar Sav. Bank of N.Y.,* 325 N.E.2d 527, 529 (1975)); *see also* N.Y. Jur.2d, Contracts § 48 (where in

response to an offer party's silence or failure to respond would be deceptive and misleading, the party receiving the offer has a duty to respond and its failure to do so will be deemed an acceptance by acquiescence (citing *Russell v. Raynes Associates Ltd. Partnership*, 569 N.Y.S.2d 409, 414 (1st Dept. 1991) (citing cases))).  Accordingly, in this case, as it is undisputed that Plaintiff's counsel was expressly requested to respond to Defendant's March 15, 2016 e-mail confirming the oral stipulation arising during counsel's preceding telephone conversation, and DeLuca reasonably relied upon Plaintiff's silence, Plaintiff acquiesced in the stipulation.

Nor is there any merit in Plaintiff's assertion at oral argument that Plaintiff's attorney was prohibited from communicating with DeLuca by Plaintiff unless such communication was "absolutely necessary," Dkt. 98 at 9, and that because of DeLuca's alleged intimidating conduct in the litigation as Plaintiff described by Plaintiff's counsel, Plaintiff's counsel was reluctant to oppose DeLuca's March 15, 2016 e-mail.  The notion that a plaintiff's attorney was restricted by plaintiff in his authority to communicate and enter into routine stipulations regarding discovery deadlines as permitted by Rule 29 is contrary to the applicable N.Y. Rules of Professional Conduct 1.2(e), codified at N.Y. Comp. Codes R. & Regs. tit. 22 § 1200.0 (McKinney's 2015); which authorizes an attorney to "accede to reasonable requests of opposing counsel, when to do so does not prejudice the rights of the client."  *See also* Rule 83.3(a) Local Rules of Civil Procedure for the Western District of New York ("Attorneys practicing in this court shall faithfully adhere to the New York Rules of Professional Conduct.").  Significantly, Plaintiff provides no affidavit corroborating that Plaintiff had in fact imposed such an unusual restriction on the general authority of Plaintiff's counsel to conduct this litigation

for Plaintiff including routine matters such as adjournments and extensions of time.

Here, Plaintiff points to nothing to indicate Plaintiff would be prejudiced by the extension

of time requested by DeLuca.  Plaintiff's assertion that Plaintiff's counsel lacked

authority to stipulate to extend the period for service of Defendant's discovery response,

therefore contravenes the salutary purposes of Rule 29 to facilitate discovery and avoid

unnecessary and unproductive judicial micromanagement of the litigation process.

Such a bizarre assertion also amounts to an improper restriction on an attorney's duty

to exercise independent judgment with respect to such matters as contemplated by the

applicable Federal Rules of Civil Procedure, *i.e.*, Rule 29, and New York Rules of

Professional Responsibility.  As such, Plaintiff's attempt to avoid the effects of the

March 15, 2016 teleconference call between Plaintiff's counsel and DeLuca and

Defendant's confirming e-mail extending to March 18, 2016 the time for service of

Defendant's responses, as constituting an enforceable stipulation pursuant to Rule 29,

must be rejected.

Plaintiff's alternative contention at oral argument that Plaintiff's counsel was too

"intimidated" by DeLuca's conduct during the litigation in this case to hazard sending an

e-mail negating Defendant's representation of an agreement to extend the time for

Defendant's responses borders on the absurd.  First, Plaintiff fails to particularize any

actual misconduct by DeLuca during prior proceedings in this case that could

reasonably be considered as so intimidating to an opposing attorney as to instill a

paralyzing fear to oppose such counsel's assertion of a simple and straightforward

agreement to extend a discovery deadline.  Second, such subjective after-the-fact

assertions of overreaching conduct by an opposing counsel must be rejected as

undermining of the adversary system in which zealous advocacy is deemed essential to achieving just results. Third, given that Plaintiff's counsel is a well-experienced attorney engaged in both civil and criminal litigation, his assertion that he was nonetheless "intimidated" by DeLuca has a hollow ring. If Plaintiff's counsel had genuinely believed DeLuca's prior conduct in this case unduly interfered with counsel's ability to effectively represent Plaintiff, such misconduct should have been brought timely to the attention of the court as a potential basis for a protective order pursuant to Fed.R.Civ.P. 26(c) – they were not.

Finally, as Defendant points out, Plaintiff's motion was devoid of any evidence Plaintiff had attempted to satisfy the prerequisites established by Rule 37(a)(1), presumably because Plaintiff's counsel labored under the improper restriction imposed by his client[3] of not communicating with Defendant's attorney "unless absolutely necessary," despite the clear and controlling requirement of Rule 37(a)(1) which reasonably satisfied Plaintiff's own self-imposed condition (assuming it to be a fact) of an "absolutely necessary" communication.

Accordingly, the court finds (1) that Defendant was not properly served with Plaintiff's discovery demands and the relevant response periods did not accrue, (2) even if it is assumed such proper service was effected, the parties entered into a stipulation enforceable under Rule 29 to extend the period for service of Defendant's responses to March 18, 2016 thereby rendering Defendant's responses timely, and (3) in any event, Plaintiff's motion failed to comply with Rule 37(a)(1).

---

[3] As noted, Discussion, *supra,* at 9, no affidavit from Plaintiff confirming such a restriction on Plaintiff's counsel authority to act on Plaintiff's behalf was provided in support of Plaintiff's motion.

**CONCLUSION**

Based on the foregoing, Plaintiff's motion (Dkt. 88) is DENIED without prejudice

to filing a further motion to compel compliant with Rule 37(a)(1) and Local R.Civ.P. 7(a)

including a designation of Defendant's responses which Plaintiff believes to be

unresponsive or improperly asserting an objection, and a concise explanation of why

Defendant's responses are unsatisfactory together with a memorandum of law in

support.   Pursuant to Rule 37(B)(5), Plaintiff shall show cause why Defendant's attorney

fees incurred in successfully opposing Plaintiff's motion should not be awarded to

Defendant.   Plaintiff's papers shall be filed not later than July 6, 2016; Defendant's

response shall be filed not later than July 18, 2016.   Oral argument shall be at the

court's discretion.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____

LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated:  June 23, 2016
       Buffalo, New York