UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DAWN SCOTT-IVERSON,

                           Plaintiff,

    v.

INDEPENDENT HEALTH ASSOCIATION, INC.,

                           Defendant.
_____

**DECISION and ORDER**

**13-CV-451V(F)**

APPEARANCES:        FRANK T. HOUSH, ESQ.
                              Attorney for Plaintiff
                              70 Niagara Street
                              Buffalo, New York   14202

                              KAVINOKY & COOK, LLP
                              Attorneys for Defendant
                              R. SCOTT DELUCA, of Counsel
                              726 Exchange Street, Suite 800
                              Buffalo, New York  14210

      In this employment discrimination case, by papers filed April 1, 2016 (Dkt. 88) ("Plaintiff's motion"), Plaintiff moved to compel discovery particularly Defendant's answers to Plaintiff's First Set of Interrogatories and responses to Plaintiff's First Set of Document Requests and to have Defendant provide dates for oral depositions of two of Defendant's employees ("Plaintiff's discovery requests").  More specifically, Plaintiff's motion sought a determination that Defendant's responses to Plaintiff's discovery requests were tardy and that, as a result, all objections included by Defendant in its responses had been waived.  In its opposition to Plaintiff's motion (Dkt. 92), Defendant advanced several arguments including, that as Plaintiff's discovery requests had been served on January 29, 2016 by e-mail, to which form of service Defendant had not, as required by Fed.R.Civ.P. 5(b)(2)(E) ("Rule 5(b)(2)(E)"), consented in writing, such

service was ineffective and therefore Defendant's discovery responses, which Defendant served on March 18, 2016, were not untimely under Fed.R.Civ.P. 33(b)(2) and Fed.R.Civ.P. 34(b)(2)(A) and, as such, Defendant's objections were not waived. Defendant alternatively argued that even assuming Plaintiffs e-mail service of Plaintiff's discovery requests was effective to commence the applicable 30-day period for Defendant's responses, Plaintiff and Defendant's counsel, in a March 15, 2016 telephone call, and a confirming e-mail sent by Defendant shortly after the phone conversation, stipulated to an extension of time, *i.e.*, to March 18, 2016, for service of Defendant's responses which were in fact served on such date by Defendant.  Finally, Defendant contended Plaintiff had failed to comply with Fed.R.Civ.P. 37(a)(1) ("Rule 37(a)(1)") requiring, as a prerequisite to a motion to compel, that a party engage in a good faith effort with the opposing party to avoid the need for judicial intervention.  *Id.* Defendant therefore requested an award of expenses incurred in successfully opposing Plaintiff's motion under Fed.R.Civ.P. 37(a)(5)(B) ("Rule 37(a)(5)(B)") ("Defendant's request").  *Id.*  In its Decision and Order filed June 23, 2016 (Dkt. 104), *Scott-Iverson v. Independent Health Association, Inc.*, 2016 WL 3444226 (W.D.N.Y. Jun. 23, 2016) ("the June 23, 2016 D&O"), the court found Defendant's arguments in opposition to Plaintiff's motion were all meritorious, denied Plaintiff's motion, and directed Plaintiff to show cause why an award of Defendant's attorney's fees and costs in opposing Plaintiff's motion should not be awarded pursuant to Rule 37(a)(5)(B) as Defendant had requested ("the Show Cause Order").  Plaintiff's response to the Show Cause Order, Affirmation of Frank Housh in Opposition To Sanctions, Dkt. 106, was filed July 6, 2016 ("Housh Affirmation"); Defendant's response, Attorney Declaration of R. Scott DeLuca,

Dkt. 108, was filed July 18, 2016 ("DeLuca Declaration").  Oral argument was deemed unnecessary.

In opposition to Defendant's request, Plaintiff contends that in prosecuting Plaintiff's motion, Plaintiff's attorney had "exhausted his good faith obligations," Housh Affirmation ¶ 2, that because Defendant's counsel ("DeLuca") had previously refused "any professional courtesy to plaintiff or her counsel" and had "continually acted in a dilatory manner," it was "implausible" for the court to find, *Scott-Iverson*, 2016 WL 3444226, at *3, that Plaintiff's counsel ("Housh") would willingly agree to any accommodation to DeLuca in connection with extending the deadline for Defendant's responses to Plaintiff's discovery requests, Housh Affirmation ¶ 4, that Housh advised DeLuca of Plaintiff's refusal to extend Defendant's time to serve "on the phone," *id.*, ¶ 5, and that DeLuca's confirmatory March 15, 2016 e-mail to Housh, *Scott-Iverson*, 2016 WL 3444226, at *3, constituted "a false agreement" which DeLuca had falsely "memorialized."  Housh Affirmation ¶ 5.

Plaintiff's response also asserts DeLuca engaged in improper litigation conduct during Plaintiff's four-day oral deposition, previously ordered by the court, Dkt. 77, including continued threats of financial sanctions, and unnecessary and harassing comments directed to Plaintiff, in an attempt to "punish and humiliate her for seeking redress in the courts."  Housh Affirmation ¶¶ 8-10.  Plaintiff further contends that given the court has previously awarded sanctions against Plaintiff and her counsel, *see* Dkts. 55, 83 and 104, if additional sanctions are awarded Plaintiff will face "severe financial hardship" potentially including the filing of "personal bankruptcy."  Housh Affirmation ¶¶ 11, 15.  Finally, Plaintiff asserts enforcing financial sanctions against Plaintiff will "create a chilling effect on similar plaintiffs" seeking relief for grievances similar to Plaintiff, *i.e.*,

Plaintiff's claim of employment discrimination against Defendant, based on a fear "that they will be bankrupted by aggressive employers." Housh Affirmation ¶ 18.

Rebutting Plaintiff's contentions, Defendant argues the court correctly determined that Plaintiff's discovery requests were not properly served in accordance with Rule 5(b)(2)(E) with the result that Defendant's responses were not subject to any enforceable deadline, that in any event Plaintiff and Defendant stipulated in the March 15, 2016 telephone call and the confirming e-mail pursuant to Fed.R.Civ.P. 29 ("Rule 29"), to extend Defendant's time to respond to March 18, 2016, and that Plaintiff failed to comply with Rule 37(a)(1). DeLuca Declaration ¶¶ 5a.-c. Defendant further contends that Plaintiff offers no persuasive explanation as to why Plaintiff's motion should not be found to lack substantial justification or why an award pursuant to Rule 37(a)(5)(B) under the present circumstances would be otherwise unjust sufficient to avoid an award of Defendant's expenses as Defendant has requested. DeLuca Declaration ¶¶ 10-14. Finally, Defendant points to the fact that Plaintiff's counsel's assertions regarding Plaintiff's alleged financial condition are not based on personal knowledge, DeLuca Affirmation ¶ 15, and that, in any event, an award of expenses under Rule 37(a)(5)(B) in this case should be made against Plaintiff's counsel, not Plaintiff, as the reasons the court ruled against Plaintiff, *i.e.*, improper service, agreeing to a Rule 29 extension of time to provide discovery, and failure to comply with Rule 37(a)(1), are properly attributable exclusively to counsel, not Plaintiff. DeLuca Declaration ¶¶ 16-17. As such, Defendant contends the assertion of any adverse financial effect upon Plaintiff flowing from an award of expenses in this case is unfounded. *Id.* ¶ 18. Defendant also denies any abusive or other misconduct directed to Plaintiff by DeLuca as asserted by Plaintiff relying on the June 23, 2016 D&O's finding that had such conduct occurred it

4

was incumbent on Plaintiff to promptly bring such conduct to the court's attention and to request a protective order which Plaintiff failed to do.  DeLuca Declaration at 5 n. 1 (citing *Scott-Iverson*, 2016 WL 3444226, at *4 ("such [alleged] misconduct should have been brought timely to the attention of the court as a potential basis for a protective order pursuant to Fed.R.Civ.P. 26(c) – they were not.")) (bracketed material added).

An award of expenses, including reasonable attorneys fees incurred by a party in connection with a successful opposition to a motion to compel discovery is required as a sanction under Rule 37(a)(5)(B) (court "must" award expenses against moving party unless the motion to compel was based on a genuine dispute, substantially justified or, under the circumstances, an award would be unjust).  Rule 37(a)(5)(B).  As in a case where a prevailing party on a motion to compel seeks an award of expenses pursuant to Fed.R.Civ.P.37(a)(5)(B), *see Rosehoff, Ltd v. Truscott Terrace Holdings LLC*, 2016 WL 2640351, at *4 (W.D.N.Y. May 10, 2016) ("A party's failure to provide discovery is substantially justified if a genuine dispute exists or if there is an objectively reasonable basis for the failure." (citing *Parsi v. Daioleslam*, 778 F.3d 116, 126 (D.C.Cir. 2015) (citing caselaw))), "such as where a party believed caselaw supported its position," *Scott-Iverson v. Independent Health Association, Inc.*, 2016 WL 1458239, at *2 (W.D.N.Y. Apr. 14, 2016) (citing *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (citing *Maddow v. Proctor & Gamble Co. Inc.*, 107 F.3d 846, 853 (11th Cir. 1997))), in a case where a responding party successfully opposes such a motion, the opposing party's expenses shall also be awarded.  *See Sonoma County Association of Retired Employees v. Sonoma County*, 2015 WL 10767718, at *1 (S.D.N.Y. Oct. 6, 2015) (citing *McGuire v. Russell Miller, Inc.*, 1 F.3d 1306, 1313 (2d Cir. 1993) (court has "broad discretion" in deciding to award attorneys fees)).  Further, as the test for substantial

justification is "determined by an 'objective standard of reasonableness and does not require that the party have acted in good faith,'" *Underdog Trucking, L.L.C. v. Verizon Services Corp.*, 273 F.R.D. 372, 377 (S.D.N.Y. 2011) (quoting *Bowne of New York City, Inc. v. AmBase Corp.*, 161 F.R.D. 258, 262 (S.D.N.Y. 1995) (citing *Pierce v. Underwood*, 487 U.S. 552, 565 (1998))), that a party believed it was acting in good faith is irrelevant. *See Scott-Iverson*, 2016 WL 1458239, at *3 (citing *Underdog Trucking, L.L.C.*, 273 F.R.D. at 377). *See also* Baicker-McKee, Janssen, Corr, FEDERAL CIVIL RULES HANDBOOK (2016 Thompson Reuters) at 970 ("Good faith generally does not equate to substantial justification; the losing party [on the motion to compel] must demonstrate some <u>unsettled issue of law or like circumstance</u>." (citing *Pierce*, 487 at 565; *Parsi*, 778 F.3d at 126-27) (underlining and bracketed material added)). "An award of attorneys fees may be unjust where the party's failure was based on factors beyond the party's control." *Scott-Iverson*, 2016 WL 1458239, at *3.

    In this case, Plaintiff has not demonstrated that Plaintiff's motion was based on a genuine dispute, substantially justified, nor that, in the circumstances presented, an award of Defendant's expenses incurred in successfully opposing Plaintiff's motion would be unjust. Although Plaintiff asserts at the outset that Plaintiff's attorney acted in "good faith" in filing Plaintiff's motion, a good faith belief in the merits of an unsuccessful motion to compel is insufficient to avoid sanctions under Rule 37(a)(5)(A). *See Scott-Iverson*, 2016 WL 1458239, at *3 (citing *Underdog Trucking, L.L.C.*, 273 F.R.D. at 377) (test for "substantial justification" is objective "reasonableness," not good faith)). With regard to whether Plaintiff could reasonably have believed that service of Plaintiff's discovery requests by e-mail was justified under Rule 5(b)(2)(E) based on a "course of conduct" between the parties, *Scott-Iverson*, 2016 WL 3444226, at *2, the court found

no evidence in the record to support Plaintiff's contention, *id.*, and Plaintiff fails to provide any such evidence in Plaintiff's response to the Show Cause Order.  Nor does Plaintiff point to any caselaw arguably supporting that Plaintiff's e-mail service in this case was effective under Rule 5(b)(2)(E).  Thus, Plaintiff submits nothing to avoid the conclusion that in filing Plaintiff's motion, based on Plaintiff's objectively incorrect belief that Plaintiff had properly served Plaintiff's discovery requests on Defendant by e-mail, Plaintiff's motion was not substantially justified.

Even assuming that the record supported, with respect to Plaintiff's e-mail service of Plaintiff's discovery requests, evidence satisfying Rule 5(b)(2)(E) was presented by Plaintiff, Defendant's contention, accepted by the court in the June 23, 2016 D&O, *Scott-Iverson,* 2016 WL 3444226 at *3, that in the March 15, 2016 telephone call Plaintiff and Defendant orally agreed and, pursuant to Rule 29, stipulated to an extension of time for service of Defendant's responses (thereby allowing Defendant to timely assert objections to Plaintiff's discovery requests) requires the court find that Plaintiff's motion, filed after Defendant's responses were filed on March 18, 2016, was nevertheless not based on a genuine dispute or substantially justified.  In opposition to Defendant's request on this ground, Plaintiff again asserts, as Plaintiff did in support of Plaintiff's motion, *see* Dkt. 101 ¶¶ 8-12, that because Defendant had previously been unwilling to accommodate Plaintiff with respect to "collegial . . . requests to extend time," *id.,* ¶ 9, it is "implausible," Housh Affirmation  ¶ 4, to believe that Plaintiff agreed to the purported extension of time requested by Defendant, *i.e.*, from March 15, 2016 to March 18, 2015, *Scott-Iverson*, 2016 WL 3444226, at *3.  However, even conceding, for the sake of analysis, the objective arguability of this point

7

(*i.e.*, that lawyers necessarily act on a 'tit-for-tat' basis when faced with an uncooperative opponent), based on the record, Plaintiff's contention nevertheless fails.

Plaintiff does not dispute that, prior to filing Plaintiff's motion, Housh received, read and understood the March 15, 2016 e-mail ("the e-mail") sent by DeLuca to Housh which purported to confirm a telephone conversation with Housh, concluded just prior to DeLuca sending of the e-mail, in which, according to Defendant, DeLuca represented that Housh and DeLuca in their prior phone call had agreed to permit Defendant's responses be served March 18, 2016.  See Dkt. 92 (Defendant's Exh. B) at 14.  Nor does Plaintiff contest that there was a phone call between Housh and DeLuca on March 15, 2016, or that the e-mail also discussed how the parties intended to schedule and conclude Plaintiff's deposition.  Further, Plaintiff does not dispute that in the last sentence of the e-mail DeLuca stated "if <u>anything</u> in this e-mail is inaccurate or incorrect, please advise me immediately (otherwise I will presume that <u>everything</u> <u>herein</u> <u>is</u> <u>correct</u> <u>and</u> <u>accurate</u>.)"  *Id.* (underlining added).  *See also Scott-Iverson,* 2016 WL 3444226, at *1.  As noted in the June 23, 2016 D&O, the record provides no indication of any further communication between the parties with regard to the deadline for serving Defendant's response until Plaintiff's motion was filed approximately two weeks later on April 1, 2016, *Scott-Iverson,* 2016 WL 3444226, at *1.  Moreover, in response to the court's invitation that the parties submit supplemental briefing following oral argument on Plaintiff's motion conducted May 4, 2016, nowhere in Plaintiff's responsive submission, Housh Declaration dated May 23, 2016 (Dkt. 101), does Housh state, that prior to serving Plaintiff's motion, he communicated to DeLuca any disagreement with the e-mail's representations with respect to DeLuca's request for an extension of time to serve Defendant's discovery responses.  See Dkt. 101 (*passim*).  Significantly, in

opposition to Defendant's request, Housh states that in the March 15, 2016 phone conversation he reminded DeLuca that Defendant's responses were overdue, but does not unambiguously state that Plaintiff did not consent to any extension for serving Defendant's responses, only that DeLuca's e-mail "memorialized a false agreement." Dkt. 106 ¶ 5 ("I told DeLuca this on the phone") (referencing Housh Affirmation ¶ 4 ("such consent is implausible," because "DeLuca ha[d] refused any professional courtesy to plaintiff or her counsel . . . there is simply no reason to believe I [Housh] would have consented to any adjournment")) (bracketed material added). Plaintiff failed to file a reply by April 26, 2016 in opposition to Defendant's detailed explanation of the circumstances giving rise to the asserted extension despite the opportunity, granted by the court's Scheduling Order, Dkt. 89, to do so.

There are at least two obvious difficulties with Plaintiff's opposition. First, it substantially post-dates the earlier proceedings, particularly Defendant's responses served on March 18, 2016, and overlooks that although Defendant, in opposition to Plaintiff's motion, initially described and relied upon the March 15, 2016 telephone and e-mail confirming the parties' agreement, Dkt. 92 ¶¶ 12-16, Plaintiff never disputed that the phone call occurred or that Housh received the e-mail requesting Plaintiff's adverse response, if any, immediately following the phone call. Second, fairly read, Housh's averment confirms that a phone conversation with DeLuca regarding an extension and other discovery-related matters did take place on March 15, 2016 and that the e-mail was received by Housh, but Housh's statement includes no explanation as to why, in response to DeLuca's explicit request to advise DeLuca if the e-mail was in any way incorrect, Housh did not immediately respond to such request directly, by the simple device of an immediate responsive e-mail or phone call disavowing the e-mail's

9

attempted confirmation of the putative extension.  Such unexplained failure severely undermines the credulity of Housh's assertion, Housh Affirmation ¶ 4, that no agreement with DeLuca's request for an extension could have occurred.  In these circumstances, as the June 23, 2016 D&O explained, *Scott-Iverson*, 2016 WL 3444226, at *3, DeLuca, in serving Defendant's responses, with Defendant's objections, on March 18, 2016, acted under the reasonable belief that because Housh, as Plaintiff's attorney, had apparent authority to stipulate to such an extension, and given Housh's failure to promptly respond to the e-mail by rejecting DeLuca's representation, either there was an agreement to extend Defendant's response time, or Housh had acquiesced in the extension even if Housh's agreement was misstated by DeLuca.  *See Scott-Iverson*, 2015 WL 3444226, at *3 (discussing that under Fed.R.Evid. 801(d)(2)(B) a party's failure to protest statement where party should be expected to do so constitutes an adoptive admission that the statement is true).  There was, thus, no genuine dispute that Housh had agreed, or should reasonably be held to have agreed, to the extension nor was there any reasonable or objectively arguable basis in caselaw or the record for Housh to believe in the circumstances presented that Defendant's responses and objections were untimely.  To be clear, even if DeLuca had, as Plaintiff asserts, purposefully misrepresented such an agreement in the e-mail, a reasonable attorney would have taken immediate action to overcome the misrepresentation, and not allow it to be used as a basis to oppose Plaintiff's motion filed more than two weeks later.  Therefore, under the facts of this case, the risk that because of such failure Plaintiff could be held to an extension to which Plaintiff, through her attorney, may not in fact have agreed, falls squarely upon Plaintiff.  Nothing in the record supports that Housh could have reasonably concluded otherwise.  The court therefore finds that prior to the

filing of Plaintiff's motion, no reasonable attorney would have believed he was substantially justified in filing such motion knowing that his failure to timely rebut the representation of an extension in the e-mail, or by Housh's subsequent acquiescence to the e-mail, would reasonably lead DeLuca to believe that his communications with Housh constituted a stipulation under Rule 29 to extend the time for service of Defendant's responses.

As Plaintiff does not address the third ground for the June 23, 2016 D&O's finding that Plaintiff's motion should be denied, *viz.*, that before filing Plaintiff's motion Plaintiff was required, but failed, to comply with Rule 37(a)(1), the court concludes that Plaintiff has conceded Plaintiff's motion was not substantially justified in light of Plaintiff's failure to comply with Rule 37(a)(1).  Nor does Plaintiff's assertion of DeLuca's alleged intimidation in the conduct of Plaintiff's deposition, perceived by Plaintiff as an attempt to "punish and humiliate" Plaintiff for commencing this action, demonstrate substantial justification for Plaintiff's motion or that it would be unjust to award expenses pursuant to Rule 37(a)(5)(b).  If Plaintiff genuinely believed DeLuca was engaged in litigation conduct which Plaintiff found intimidating, Plaintiff could easily have moved for a protective order pursuant to Fed.R.Civ.P 26(c), as the June 23, 2016 D&O noted, but Plaintiff did not.

Additionally, as nothing in the record supports that Housh's failure to understand the implications of a failure to timely respond to DeLuca's e-mail was based on any legitimate circumstances beyond Housh's control, such as a sudden illness or other supervening impairment of Housh's ability to respond to the e-mail or accurately assess that a baseless motion would be subject to Rule 37(a)(5)(B) sanctions, no

circumstances are present that would make the award of Defendant's expenses in this case unjust.

Further, although not specifically addressed by Plaintiff, as the reasons for finding Plaintiff's unmeritorious motion warrants an award of Defendant's expenses, the reasons for the court's determination arise exclusively from decisions – improper service of discovery demands, entry into an oral stipulation pursuant to Rule 29 upon which the Defendant reasonably relied and where such reliance was reasonably known to Plaintiff, and a failure to comply with Rule 37(a)(1) – made exclusively by Plaintiff's counsel requires that the court allocate, pursuant to Rule 37(a)(5)(B), such expenses solely to Plaintiff's attorney.  Plaintiff's expressed concerns that granting Defendant's request will create serious financial difficulties for Plaintiff thereby demonstrating an award would under the present circumstances be unjust, are therefore moot.

## CONCLUSION

Based on the foregoing, Defendant's request (Dkt. 92) for an award of expenses including reasonable attorneys fees in successfully opposing Plaintiff's motion pursuant to Rule 37(a)(5)(B) is GRANTED.  Defendant shall file its affidavit of such expenses within 30 days of the filing of this Decision and Order; Plaintiff's response shall be filed within 14 days thereafter; Defendant's reply, if any, may be filed within 5 days of Plaintiff's response.  Oral argument shall be at the court's discretion.

SO ORDERED.

                                          /s/ *Leslie G. Foschio*

                                          _____
                                            LESLIE G. FOSCHIO
                                      UNITED STATES MAGISTRATE JUDGE

Dated: October 12, 2016
       Buffalo, New York