UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DAWN SCOTT-IVERSON,

                         Plaintiff,

    v.

INDEPENDENT HEALTH ASSOCIATION, INC.,

                        Defendant.
_____

**DECISION
and
ORDER**

**13-CV-451V(F)**

APPEARANCES:          FRANK T. HOUSH, ESQ.
                              Attorney for Plaintiff
                              70 Niagara Street
                              Buffalo, New York   14202

                              KAVINOKY & COOK, LLP
                              Attorneys for Defendant
                              R. SCOTT DeLUCA, of Counsel
                              726 Exchange Street, Suite 800
                              Buffalo, New York  14210

In this employment discrimination case, in its Decision and Order filed October 12, 2016 (Dkt. 118) ("the October 12, 2016 D&O"), the court found that as Plaintiff's motion to compel, Dkt. 88, ("Plaintiff's motion"), which was denied by the court in a Decision and Order filed June 23, 2016 (Dkt. 104), *see Scott-Iverson v. Independent Health Assoc.*, 2016 WL 3444226 (W.D.N.Y. June 23, 2016), was not substantially justified and that an award of Defendant's costs, including reasonable attorneys fees, would not, under the circumstances, be unjust, Defendant's costs incurred in connection with successfully opposing Plaintiff's motion should be awarded against Plaintiff's counsel pursuant to Fed.R.Civ.P. 37(a)(5)(B).  As required by the October 12, 2016 D&O, Defendant filed its affidavit of costs on November 11, 2016, specifically, the

Affidavit of R. Scott DeLuca ("DeLuca Affidavit") together with Exhibit A ("Exh. A to DeLuca Affidavit") ("Defendant's Request") (Dkt. 122); on November 25, 2016, Plaintiff, in opposition to Defendant's Request filed Plaintiff's opposition to Defendant's Request, The Opposition To Defense Counsel's Declaration In Support Of Request For Fees and Costs (Dkt. 123) ("Housh Declaration"). Defendant's Reply Declaration of R. Scott DeLuca ("DeLuca") was filed November 30, 2016 (Dkt. 124) ("DeLuca Reply Declaration") together with Exhibit A ("Exh. A to DeLuca Reply Declaration") ("Defendant's Reply"). Oral argument was deemed unnecessary.

Defendant's Request seeks $8,704.50 in attorneys fees and $43.62 in computerized legal research ("CLR") expenses for a total of $8,748.12 based on 41.45 hours of time expended by DeLuca in opposing Plaintiff's motion. DeLuca's time was computed based on contemporaneous daily records maintained in units of $1/8^{th}$ of an hour with a brief statement of the related attorney activity. Exh. A to DeLuca Affidavit summarizes this information for each of 25 days in which the activities were accomplished ('block-billing'). In Defendant's Reply, Defendant seeks an additional $1,659 in attorneys fees incurred in the preparation of Defendant's Request for a total award of $10,407.12. In opposition, Plaintiff contends Defendant's Request is based on excessive ("unreasonable as a matter of law") attorney time devoted to Defendant's opposition to Plaintiff's motion, Housh Declaration ¶¶ 5-7, which Plaintiff asserts involved "a simple procedural request," *id.* ¶ 5, proffered by Defendant , in order to cause undue financial harm to Plaintiff and "destroy" the "professional career" of Plaintiff's counsel. *Id.* ¶ 8. Plaintiff also requests a hearing directed to Defendant's improper motives as Plaintiff alleges and to explain why, according to Plaintiff,

Defendant seeks reimbursement for 20 hours of consultation time by DeLuca and Defendant's in-house counsel who oversees the litigation on behalf of Defendant. Housh Declaration ¶¶ 12-19.  Plaintiff does not object to the $210 hourly rate for DeLuca's time incurred on this matter given that the court has in two prior awards in this case, see Decision and Orders filed April 14, 2016 (Dkt. 90, at 9), and June 21, 2016 (Dkt. 103, at 1-2), approved such hourly rate.

As to Plaintiff's objection that Defendant's Request seeks costs based on excessive attorney time, the court's review of each of DeLuca's time entries as stated in Exh. A to DeLuca Affidavit does not support such a finding.  For example, two large blocks of time occurred on April 17, 18, 2016, and on May 4, 2016, and reflect a total of 7.4 hours relating to the preparation, review and revision of Defendant's opposition to Plaintiff's motion, a review of relevant authority, consultation with Defendant's in-house counsel, and preparation for and participation in oral argument on Plaintiff's motion conducted by the court on May 4, 2016, for a total of eight hours.   Plaintiff's motion, as discussed in the June 23, 2016 D&O, raised several significant issues of law and fact, including for example, whether (1) Defendant had, in accordance with Fed.R.Civ.P. 5(b)(2)(E), consented to service by e-mail, (2) Plaintiff had complied with Fed.R.Civ.P. 37(a)(1), and (3) Plaintiff had stipulated to Defendant's requested extension of time within which to serve Defendant's responses to Plaintiff's document requests prior to the filing of Plaintiff's motion.  As a result, it was necessary for the court to request, following oral argument, supplemental authority in support of Plaintiff's motion and for Defendant's opposition to Plaintiff's motion, which additional briefing resulted in Defendant incurring an additional 9.9 hours over two days, May 17-18, 2016, Exh. A to

DeLuca Affidavit at 2; DeLuca's supplemental memorandum was 17 pages in length. *See* Dkt. 98.  In resolving these issues, particularly Plaintiff's claim that Defendant had falsified the asserted stipulation by Plaintiff's counsel, the court's discussion of these issues covered 10 pages of text.  *See* June 23, 2016 D&O, Dkt. 104 at 2-11.  Plaintiff's attempt to characterize Plaintiff's motion (erroneously referred to by Plaintiff as "Defense Counsel[s] . . . Motion," Housh Declaration at 1) as a "simple procedural Motion," Housh Declaration ¶ 7, is thus fairly rebutted by the record.  Accordingly, the court does not agree that Defendant's Request seeks reimbursement for excessive attorney time.  Although Plaintiff argues DeLuca's time entries indicate that up to 20% of the time incurred involved consultation by DeLuca with Defendant's in-house counsel, the relevant block-billing daily time entries reflect that when such consultations occurred they involved e-mail communications between counsel along with other substantial legal work performed by DeLuca directly related to opposing Plaintiff's motion.  *See, e.g.*, Time Entry for May 18, 2016 (reflecting work on Defendant's supplemental memorandum of law submitted at the court's request.  DeLuca Reply Exh. A at 2, Dkt. 122 at 10).

Turning to Plaintiff's objection that Defendant's Request represents an unexplained "100%" increase, Housh Declaration ¶¶ 7, 6, 11, in the fee award which Defendant requested and, according to Plaintiff, Defendant submitted in "July 2016." Housh Declaration ¶ 6, a careful examination of the docket for this case does not indicate Defendant submitted any fee request pursuant to Fed.R.Civ.P. 37(a)(5) in July 2016, and accordingly the court is unable to identify and consider Plaintiff's alleged comparator.  However, the court notes that it granted Defendant's motion to compel

Plaintiff's deposition by Decision and Order filed March 1, 2016 (Dkt. 83) ("March 1, 2016 D&O"), and related fee request as a sanction in the amount of $4,787.73 based on DeLuca's affidavit requesting reimbursement for 32.15 hours requesting $6,751.50. *See* Decision and Order filed June 21, 2016, Dkt. 103.  Significantly, unlike Defendant's successful opposition to Plaintiff's motion, no oral argument was conducted in connection with the March 1, 2016 D&O, nor, again in contrast to the instant matter, did the court request supplemental briefing on the merits of Defendant's motion. Additionally, Defendant's fee request in this case (41.45 hrs/$8,748.12) is generally in proportion to Defendant's request of 32.15 hrs/$6,751.50 in connection with the March 1, 2016 D&O.  Thus, there is no basis in the record upon which Plaintiff's contention that Defendant's Request represents an unexplained and unreasonable 100% increase in the number of hours Defendant had requested in connection with a prior comparable motion to compel, as there is no comparable motion practice, prior to Defendant's successful opposition to Plaintiff's motion, in the record upon which Plaintiff's argument may plausibly be based.  By way of further illustration, in an unrelated matter, *Rosehoff, Ltd. v. Truscott Terrace Holdings, LLC, et al.*, 14-CV-277S(F) (Dkt. 65), the court awarded on June 27, 2016 (Dkt. 65), $8,298.02 based on 28.20 hours of attorney time at $335/hr., for costs incurred in connection with defendant's motion to compel in that case.  "In calculating the number of 'reasonable hours' expended by the prevailing party's attorney . . . the court looks to 'its own familiarity with the case and . . . its experience generally as well as the evidentiary submissions and arguments of the parties."  *Clarke v. Frank*, 960 F.2d 1146, 1153 (2d Cir. 1992) (quoting *DiFilippo v. Morizio*, 759 F.2d 231, 234, 236 (2d Cir. 1985)); *see also Rates Technology, Inc. v.*

5

*Mediatrix Telecom, Inc.*, 2011 WL 1322520, at *4 (E.D.N.Y. Mar. 31, 2011) ("District courts have broad discretion to determine the reasonableness of hours claimed based on their general experience and familiarity with the case.") (internal citations and quotation marks omitted).  This analysis also refutes Plaintiff's request, Housh Declaration ¶ 11, that the court conduct an evidentiary hearing to determine whether Defendant's Request represents an attempt by Defendant to "prevail in the litigation by sanctioning plaintiff into bankruptcy."  Housh Declaration ¶ 11.  Based on the record, Plaintiff's rationale for Plaintiff's request may be fairly characterized as unsupported hyperbole, and Plaintiff's request for a hearing should be DENIED.  *See Ramirez v. Avery Berkel, Inc.* 2004 WL 2978280, at *1 (S.D.N.Y. Dec. 21, 2004) (whether to hold hearing to resolve attorney fee disputes is left to court's discretion); *see also Lemonier v. Sojuzplodoimport, Pepsico, Inc.*, 1990 WL 116760, at *2 (S.D.N.Y. Aug 3, 1990) (court has discretion to conduct hearing prior to award of attorneys fees under Rule 37).  Moreover, as in this matter the award of costs is directed only against Plaintiff's counsel, there will be no adverse financial effect upon Plaintiff which conceivably could trigger Plaintiff's personal bankruptcy as Plaintiff fears.  Nor does Housh provide any evidence his professional career has suffered as a result of Defendant's prior sanctions against him in this case.

As to Plaintiff's allegation that Defendant's Request also includes excessive consultation time, 20 hours, with Defendant's in-house counsel, DeLuca's time entries support that the bulk of the time entries on those occasions related to other substantive legal activity necessary to prepare Defendant's opposition to Plaintiff's motion and are therefore unlikely to constitute excessive consultation time with Defendant's in-house

6

counsel.  *See Scott-Iverson v. Independent Health Association, Inc.*, 2016 WL 1457881, at *3 (W.D.N.Y. Apr. 14, 2016) (awarding reimbursement for 6.95 hours of Defendant's counsel's consultation with Defendant's in-house attorney to review and approve filings prepared by DeLuca in support of Defendant's motion to compel discovery finding such consultation time to be reasonable exercise of client oversight).  Thus, given the several unusual issues raised by Plaintiff's motion which required Defendant's detailed analysis, extensive briefing, oral argument and the submission of supplemental briefing as directed by the court, the court finds Defendant's Request including the time incurred to submit Defendant's Request – to which Plaintiff does not specifically object -- to be reasonable in the circumstances.  *See Robbins & Myers, Inc. v. J.M Huber Corp.*, 2011 WL 5326259, at *2 (W.D.N.Y. Nov. 3, 2011) (citing *Millea v. Metro-North R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (award pursuant to Fed.R.Civ.P 37 requires reasonable number of hours worked and hourly rate)).  As noted, Plaintiff does not contest DeLuca's hourly billing rate of $210 nor Defendant's request for costs incurred with respect to its preparation of Defendant's Request.  Nevertheless, the court exercises its well-established authority to reduce Defendant's Request by 15% to eliminate possible redundancy and excessive time attributable to Defendant's use of block-billing and consultation with Defendant's in-house counsel which may have entered into the formulation of Defendant's Request.  *See Scott-Iverson*, 2016 WL 1457881, at *4 (reducing by 15% Defendant's cost request to account for possible redundancy and unnecessary time spent in preparing Defendant's motion to compel and consultation with in-house counsel).  Finally, the court notes Plaintiff does not object to Defendant's claim of $43.62 for CLR.

## CONCLUSION

Based on the foregoing, Defendant's Request in the amount of $8,852.59 is GRANTED; Plaintiff's request for a hearing is DENIED.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated:  February 28, 2017
        Buffalo, New York