UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DAWN SCOTT-IVERSON,
                               Plaintiff,

    v.

INDEPENDENT HEALTH ASSOCIATION, INC.,

                               Defendant.
_____

**DECISION**
**and**
**ORDER**

**13-CV-451V(F)**

APPEARANCES:        FRANK T. HOUSH, ESQ.
                             Attorney for Plaintiff
                             70 Niagara Street
                             Buffalo, New York   14202

                             KAVINOKY & COOK, LLP
                             Attorneys for Defendant
                             R. SCOTT DeLUCA, of Counsel
                             726 Exchange Street, Suite 800
                             Buffalo, New York  14210

      In this employment discrimination case, Defendant moved, by papers filed August 29, 2016 (Dkt. 112), to compel Plaintiff's presence at a continuation of Plaintiff's deposition for an additional three hours and sixteen minutes to permit Defendant to complete Plaintiff's deposition in accordance with the court's prior Order filed December 3, 2015 (Dkt. 77) ("December 3, 2015 Order") granting Defendant's motion to conduct Plaintiff's deposition over a period of up to four days and for sanctions based on Plaintiff's refusal to answer 11 of Defendant's deposition questions, and Plaintiff's counsel's repeated violation of this court's Deposition Guidelines which had been so ordered as part of the Scheduling Order for this case filed September 3, 2015 (Dkt. 71) pursuant to Fed.R.Civ.P. 16(b) ("Defendant's motion").  Defendant also requested an

award of its costs including reasonable attorneys fees incurred in connection with the filing and prosecution of Defendant's motion.

In its Decision and Order, filed December 15, 2016 (Dkt. 125) ("December 15, 2016 D&O"),[1] the court, finding Defendant was entitled to an additional 3 hours and 16 minutes in compliance with the December 3, 2015 Order and that Plaintiff and Plaintiff's counsel had engaged in unexcused and repeated violations of the Deposition Guidelines ("the Guidelines"), granted in part and denied in part Defendant's motion. Based on Plaintiff's failure to rebut Defendant's evidence that Defendant was entitled to an additional 3 hours and 16 minutes of Plaintiff's deposition testimony and the absence of any justification proffered by Plaintiff for Plaintiff's refusal to answer Defendant's questions and the numerous, 56, violations of the Guidelines by Plaintiff's counsel during Plaintiff's six preceding deposition sessions, the court directed Plaintiff to show cause why Defendant's costs including attorneys fees incurred in connection with Defendant's motion should not be awarded pursuant to Fed.R.Civ.P. 37(a)(5)(A). Plaintiff's Opposition To Sanctions In Response To Court Order (Declaration of Frank Housh, Esq. (Dkt. 139)) ("Plaintiff's Response") was filed January 24, 2017; Defendant's Attorney Declaration Regarding The Court's Order To Show Cause was filed January 25, 2017 (Dkt. 140) ("DeLuca Declaration").  Oral argument was deemed unnecessary.

Significantly, Plaintiff's Response does not contest that Plaintiff's counsel's violations of the Guidelines as determined by the court in the December 15, 2016 D&O were not substantially justified or that applicable law and the record does not support Defendant's motion for sanctions.  Plaintiff's Response (*passim*).  Rather, Plaintiff's Response is limited to whether Plaintiff's refusal to voluntarily submit to an additional

---

[1] An Amended Decision and Order was filed January 4, 2017 (Dkt. 132).

deposition session of up to 3 hours and 16 minutes, as Defendant requested to comply fully with the December 15, 2016 D&O was substantially justified or that an award of sanctions as Defendant requested in connection with Defendant's motion would be unjust under the circumstances required by Fed.R.Civ.P. 16(f)(2) and Fed.R.Civ.P. 37(b)(2)(C).

An award of expenses, including reasonable attorneys fees incurred by a party in connection with a successful opposition to a motion to compel discovery, is required as a sanction under Rule 37(a)(5)(B) (court "<u>must</u>" award expenses against moving party unless the motion to compel was based on a genuine dispute, substantially justified or, under the circumstances, an award would be unjust).  Fed.R.Civ.P. 37(a)(5)(B).  As in a case where a prevailing party on a motion to compel seeks an award of expenses pursuant to Fed.R.Civ.P.37(a)(5)(B), *see Rosehoff, Ltd v. Truscott Terrace Holdings LLC*, 2016 WL 2640351, at *4 (W.D.N.Y. May 10, 2016) ("A party's failure to provide discovery is substantially justified if a genuine dispute exists or if there is an objectively reasonable basis for the failure." (citing *Parsi v. Daioleslam*, 778 F.3d 116, 126 (D.C.Cir. 2015) (citing caselaw))), "such as where a party believed caselaw supported its position," *Scott-Iverson v. Independent Health Association, Inc.*, 2016 WL 1458239, at *2 (W.D.N.Y. Apr. 14, 2016) (citing *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (citing *Maddow v. Proctor & Gamble Co. Inc.*, 107 F.3d 846, 853 (11th Cir. 1997))), in a case where a responding party successfully opposes such a motion, the opposing party's expenses shall also be awarded.  *See Sonoma County Association of Retired Employees v. Sonoma County*, 2015 WL 10767718, at *1 (S.D.N.Y. Oct. 6, 2015) (citing *McGuire v. Russell Miller, Inc.*, 1 F.3d 1306, 1313 (2d Cir. 1993) (court has "broad

discretion" in deciding to award attorneys fees)).  Further, as the test for substantial justification is "determined by an 'objective standard of reasonableness and does not require that the party have acted in good faith,'" *Underdog Trucking, L.L.C. v. Verizon Services Corp.*, 273 F.R.D. 372, 377 (S.D.N.Y. 2011) (quoting *Bowne of New York City, Inc. v. AmBase Corp.*, 161 F.R.D. 258, 262 (S.D.N.Y. 1995) (citing *Pierce v. Underwood*, 487 U.S. 552, 565 (1998))), that a party believed it was acting in good faith is irrelevant.  See *Scott-Iverson*, 2016 WL 1458239, at *3 (citing *Underdog Trucking, L.L.C.*, 273 F.R.D. at 377).  See also Baicker-McKee, Janssen, Corr, FEDERAL CIVIL RULES HANDBOOK (2016 Thompson Reuters) at 970 ("Good faith generally does not equate to substantial justification; the losing party [on the motion to compel] must demonstrate some unsettled issue of law or like circumstance." (citing *Pierce*, 487 at 565; *Parsi*, 778 F.3d at 126-27) (underlining and bracketed material added)).  "An award of attorneys fees may be unjust where the party's failure was based on factors beyond the party's control."  *Scott-Iverson*, 2016 WL 1458239, at *3.

     Plaintiff's Response contends that because, in a pre-deposition conversation with DeLuca on April 25, 2016, Plaintiff had agreed to appear for an additional 90 minutes of deposition testimony, Housh Declaration ¶¶ 3-4, there was no need for Defendant's motion with respect to this issue.  Plaintiff's contention appears predicated on a selective recall of the record.  In fact, Plaintiff did not dispute Defendant's calculation of Plaintiff's actual deposition testimony over the seven deposition sessions, *see* Dkt. 120 ¶ 14, prior to the April 25, 2016 session at which Housh agreed to allow Plaintiff's testimony for another 90 minutes despite Housh's calculation that Plaintiff's testimony time had, up until that point, exceeded 28 hours as the December 5, 2015 Order

directed.  *See* Dkt. 139 ¶ 3 ("as my calculations of the time she [Plaintiff] had testified was over twenty-eight hours").  Thereafter, while the parties attempted to schedule Plaintiff's further deposition, Plaintiff amended her agreement to further testify on the condition that Defendant agree to extend the discovery period to enable Plaintiff to depose other witnesses who had not then been noticed by Plaintiff for a deposition, Dkt. 120 ¶ 40, a condition Defendant refused, *id.* ¶ 41, which refusal resulted in Plaintiff's refusal to appear for any additional deposition testimony absent a court order.  Dkt. 120 ¶ 41; Dkt. 120-3 at 4-5; 6.

As noted in the December 15, 2016 D&O, Plaintiff's opposition to Defendant's motion with respect to the amount of additional testimonial time to which Defendant was entitled in order to comply fully with the December 15, 2016 D&O was based on Plaintiff's opposition, that taking into account delays and unnecessary breaks caused by Defendant, Plaintiff had been present at the prior scheduled deposition sessions in excess of 28 hours.  Dkt. 132 at 4.  However, as the Amended D&O pointed out, such alleged "breaks, interruptions, and other delays" do not fulfill a deponent's testimonial obligation under Fed.R.Civ.P. 30(d)(1).  Dkt. 132 at 3-4.  Thus, in order for Defendant to enforce its right under the December 3, 2015 Order to a full 28 hours of Plaintiff's deposition testimony, whether the 90 minutes Defendant had initially discussed with Plaintiff or the 3 hours and 16 minutes as Defendant subsequently and correctly determined to be required, Defendant's motion was necessitated by Plaintiff's clear refusal to appear unconditionally for completion of her deposition pursuant to the December 3, 2015 Order, see Dkt. 120-3 ("Understood.  Make your motion."  Housh e-mail to DeLuca April 26, 2016 upon receiving DeLuca's earlier e-mail requesting Plaintiff

directed.  *See* Dkt. 139 ¶ 3 ("as my calculations of the time she [Plaintiff] had testified was over twenty-eight hours").  Thereafter, while the parties attempted to schedule Plaintiff's further deposition, Plaintiff amended her agreement to further testify on the condition that Defendant agree to extend the discovery period to enable Plaintiff to depose other witnesses who had not then been noticed by Plaintiff for a deposition, Dkt. 120 ¶ 40, a condition Defendant refused, *id.* ¶ 41, which refusal resulted in Plaintiff's refusal to appear for any additional deposition testimony absent a court order.  Dkt. 120 ¶ 41; Dkt. 120-3 at 4-5; 6.

As noted in the December 15, 2016 D&O, Plaintiff's opposition to Defendant's motion with respect to the amount of additional testimonial time to which Defendant was entitled in order to comply fully with the December 15, 2016 D&O was based on Plaintiff's opposition, that taking into account delays and unnecessary breaks caused by Defendant, Plaintiff had been present at the prior scheduled deposition sessions in excess of 28 hours.  Dkt. 132 at 4.  However, as the Amended D&O pointed out, such alleged "breaks, interruptions, and other delays" do not fulfill a deponent's testimonial obligation under Fed.R.Civ.P. 30(d)(1).  Dkt. 132 at 3-4.  Thus, in order for Defendant to enforce its right under the December 3, 2015 Order to a full 28 hours of Plaintiff's deposition testimony, whether the 90 minutes Defendant had initially discussed with Plaintiff or the 3 hours and 16 minutes as Defendant subsequently and correctly determined to be required, Defendant's motion was necessitated by Plaintiff's clear refusal to appear unconditionally for completion of her deposition pursuant to the December 3, 2015 Order, see Dkt. 120-3 ("Understood.  Make your motion."  Housh e-mail to DeLuca April 26, 2016 upon receiving DeLuca's earlier e-mail requesting Plaintiff

schedule Plaintiff's further deposition without conditions and advising Defendant would be required to file a motion to compel), and Plaintiff fails to show that Plaintiff's refusal as documented by the record was substantially justified.  Simply, there was no reasonably arguable basis for Plaintiff's refusal to provide the additional deposition testimony as Defendant had requested.  The December 3, 2015 Order did not permit Plaintiff's conditional compliance on any basis, regardless of the amount of the additional deposition time – 90 minutes or 3¼ hours – required by Plaintiff to comply fully with the Order.  If Plaintiff genuinely believed otherwise, Plaintiff could have applied for a protective order pursuant to Fed.R.Civ.P. 26(c) but did not.  Nor does Plaintiff show that an award of Defendant's expenses as to this issue would be unjust under the circumstances as, for example, that Plaintiff's refusal was caused by circumstances beyond her control.

## CONCLUSION

Based on the foregoing, Defendant's Request is GRANTED; Defendant shall file its affidavit of costs within 20 days; Plaintiff's response shall be filed within 10 days thereafter.  Defendant's reply may be filed within 5 days thereafter.  Oral argument shall be at the court's discretion.

SO ORDERED.

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated:  February 28, 2017
         Buffalo, New York