UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

DAWN SCOTT-IVERSON,

                             Plaintiff,

    v.

INDEPENDENT HEALTH ASSOCIATION, INC.,

                             Defendant.

_____

**DECISION**
**and**
**ORDER**

**13-CV-451V(F)**

APPEARANCES:        FRANK T. HOUSH, ESQ.
                          Attorney for Plaintiff
                          70 Niagara Street
                          Buffalo, New York    14202

                          KAVINOKY & COOK, LLP
                          Attorneys for Defendant
                          R. SCOTT DELUCA, of Counsel
                          726 Exchange Street, Suite 800
                          Buffalo, New York  14210

In an Amended Decision and Order, filed January 4, 2017 (Dkt. 132), the court granted Defendant's motion to compel additional time (3 hours, 16 minutes) to complete Plaintiff's deposition, and Plaintiff's answers to eleven of Defendant's questions during Plaintiff's prior deposition sessions ("Defendant's motion"). *See Scott-Iverson v. Independent Health Association, Inc.*, 2017 WL 35453 (W.D.N.Y. Jan. 4, 2017) ("the Amended D&O"). In addition, at Defendant's request, the court imposed sanctions against Plaintiff's counsel for violating the court's pretrial orders for the proper conduct of an oral deposition in this case specifically finding Plaintiff's counsel had engaged in 56 violations of the court's Deposition Guidelines including repetitive unwarranted attacks on Defendant's counsel's character and assessing fines for such professional

misconduct and violations. The Amended D&O also directed Plaintiff to show cause why Defendant's reasonable expenses, including attorneys fees incurred in connection with Defendant's motion should not be awarded to Defendant pursuant to Fed.R.Civ.P. 37(a)(5)(A) ("Rule 37(a)(5)(A)"). In its Decision and Order, filed February 28, 2017 (Dkt. 144), upon reviewing the parties' respective submissions, the court found Plaintiff's conduct and Plaintiff's counsel's misconduct during Plaintiff's seven preceding deposition sessions in violation of the court's pretrial order incorporating the court's Deposition Guidelines, were not substantially justified, and that an award of Defendant's expenses pursuant to Rule 37(a)(5)(A) in the circumstances would not be unjust ("the February 28, 2017 D&O"). In accordance with the February 28, 2017 D&O, Defendant, on March 20, 2017, filed its Attorney Declaration In Support Of Award Of Attorney's Fees (Dkt. 145) ("Deluca Declaration") attaching copies of time and billing records containing contemporaneous entries of DeLuca's work and related time incurred in connection with Defendant's motion in the amount of 74.95 hours and $15,739.50, Exhibit A to DeLuca Declaration, Dkt. 145, ("Exhibit A") at 10- 18 ("Defendant's Request").

On May 10, 2017, Plaintiff filed Opposition To Defense Counsel's Declaration In Support Of Request For Fees And Costs (Dkt. 158) ("Housh Declaration") ("Plaintiff's Opposition"). In Plaintiff's Opposition, Plaintiff contends Defendant's Request represents excessive time "unreasonable as a matter of law," motivated by Defendant's desire to coerce Plaintiff into terminating the instant action. Housh Declaration ¶¶ 3, 5, 16. Plaintiff requests a hearing be conducted before approving Defendant's Request. *Id.* ¶ 12. Defendant's Reply Declaration In Further Support Of Defendant's Application

For Attorney's Fees, Dkt. 159, was filed May 1, 2017 ("DeLuca Reply Declaration") ("Defendant's Reply"). In Defendant's Reply, Defendant maintains Defendant's Request should be granted without a hearing as Plaintiff has failed to set forth any factual or legal basis justifying any reduction in the amount of Defendant's Request. DeLuca Reply Declaration ¶¶ 4, 9. Oral argument was deemed unnecessary.

It is well-established that expense awards pursuant to Rule 37(a)(5)(A) must be fair and reasonable taking into account the complexities of the motion at issue. *CSL Silicones, Inc. v. Midsun Grp., Inc.*, 2017 WL 1399630, at *2 (D.Conn. Apr. 18, 2017) (citing caselaw). Expenses incurred in defending a fee application may also be awarded. *See Scott-Iverson v. Independent Health Association, Inc.*, 2016 WL 1459881, at *2 (W.D.N.Y. Apr. 14, 2016) (quoting *Robbins & Myers, Inc. v. J.M. Huber Corp.*, 2010 WL 3992215, at *10 (W.D.N.Y. Nov. 3, 2010) (quoting *Weyant v. Okst,* 198 F.3d 311, 316 (2d Cir. 1999))). While a court may conduct an evidentiary hearing in connection with its consideration of an expense award, it is discretionary with the court whether to do so. *Scott-Iverson*, 2017 WL 759840, at *2 (citing caselaw). In reviewing a fee request, courts have inherent power to reduce the amount requested based on its experience with the case and its assessment as to whether, based on all the circumstances, the request appears excessive. See *CSLSilicones, Inc.,* 2017 WL 1399630, at *2 (court has discretion to reduce claimed hours by reasonable number to 'trim fat' (citing *Hines v. City of Albany*, 613 Fed.Appx. 52, 53-55 (2d Cir. 2015))); *Robbins & Myers, Inc. v. J.M. Huber Corp.*, 2010 WL 3992215, at *5 (W.D.N.Y. Oct. 12, 2010) (court adjusts lodestar amount to assure "Rule 37(b)'s deterrent objective is achieved"). "'In calculating the number of 'reasonable hours' expended by the prevailing

party's attorney . . . the court looks to "its own familiarity with the case and . . . its experience generally as well as the evidentiary submissions and arguments of the parties.'" *Scott-Iverson v. Independent Health Association, Inc.*, 2017 WL 759840 at *2 (W.D.N.Y. Feb. 28, 2017) (quoting *Clarke v. Frank*, 960 F.2d 1146, 1153 (2d Cir. 1992)). In making any award of expenses, the court must also apply a reasonable hourly billing rate based on the relevant market for legal services. *CSL Silicones, Inc.*, 2017 WL 13996, at *2 (quoting *Perdue v. Kenny A., ex rel. Winn*, 559 U.S. 542, 551 (2010)). In the instant case, the court has previously found DeLuca's hourly billing rate of $210 to be fair and reasonable. *See Scott-Iverson v. Independent Health Association, Inc.*, 2016 WL 1457881, at *4 ("the court finds Mr. DeLuca's hourly billing rate of $210 to be reasonable in this district's market").

Here, as explained in the January 4, 2017 Amended D&O, Plaintiff's conduct and that of Plaintiff's counsel spanned over seven prior deposition sessions requiring Defendant's attorney's review of approximately 1,600 transcript pages of Plaintiff's testimony. DeLuca Declaration ¶ 11. This review also required Defendant's calculation of the correct amount of time during which Plaintiff actually provided testimony exclusive of scheduling issues and breaks. *Id.* ¶ 24c. Moreover, Defendant's motion also required careful statement of the law applicable to the enforcement of pretrial orders regulating the conduct of attorneys and witnesses at oral depositions and the sanctioning of misconduct by counsel during such depositions. *Id.* ¶ 24b. While Plaintiff argues some of Defendant's time entries appear excessive, such as claiming approximately one hour to review the court's February 28, 2017 D&O, Housh Declaration ¶ 13, Plaintiff makes no attempt to claim that the bulk of Defendant's

attorney's time as described in Defendant's Request, including approximately 22 hours for reviewing Plaintiff's deposition transcripts, was reasonably required to prepare and file Defendant's motion. Additionally, Defendant requests $2,520 for 12 hours of attorney work incurred in preparing Defendant's Reply. Exh. A to DeLuca Reply Declaration, Dkt. 159, at 12-12 ("Defendant's Supplemental Request"). Although the amount sought by Defendant appears substantial, given the unusual nature and plethora of issues created by Plaintiff's unwarranted refusal to provide answers to Defendant's questions over the course of Plaintiff's seven deposition sessions, the number – 56 – of material attempts by Plaintiff's attorney to disrupt Plaintiff's deposition sessions by unwarranted and prohibited interruptions and spurious objections including counsel's baseless and improper personal attacks on Defendant's attorney's character in an apparent effort to undermine Defendant's questioning of Plaintiff thoroughly documented by the court in the January 4, 2017 Amended D&O, the amount of time taken by Defendant's attorney to prepare and file Defendant's motion was not unreasonable. As noted, the court has previously approved Defendant's counsel hourly billing rate of $210, and Plaintiff does not state any objection on this basis. However, exercising its plenary discretion to adjust an expense request to avoid the risk of approving an excessive award and awarding attorneys fees for consultations with Defendant's in-house counsel, not shown to be directly necessary to the preparation of Defendant's motion, *see CSL Silicones, Inc.*, 2017 WL 1399630, at 9 n. 12 (consultation time with client or other must be shown to be reasonably necessary to preparation of motion upon which expenses are sought to be awarded), the court will, notwithstanding, reduce by 15% Defendant's Request and Supplemental Request.

Despite Plaintiff's generic assertion that Defendant's Request is unreasonable as a matter of law, in fact, as noted, the only time entry included in Defendant's Request specifically attacked by Plaintiff, *see* Housh Declaration, Dkt. 158, ¶ 13, is the entry pertaining to DeLuca's review on February 28, 2017 of the February 27, 2017 D&O for which DeLuca assigned .8 or, according to the time-billing system used by DeLuca's law firm (.10 equals six minutes), *see* Dkt. 145 n. 5, 48 minutes (.10 = six minutes x .8 = 48 minutes). In determining a request for reasonable attorneys fees, courts consider whether "'at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures.'" *CSL Silicones, Inc.*, 2017 WL 1399630, at *2 (quoting *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992) (citing *Wooldridge v. Marlene Indus. Corp.*, 898 F.2d 1169, 1177 (6th Cir. 1990))). By the court's own calculation, a reading of the February 28, 2017 D&O required approximately five minutes. Even granting that it was necessary for DeLuca to carefully review the exact wording and legal effect of the D&O on the question of an award of expenses pursuant to Rule 37, DeLuca's stated time for such task appears unreasonable. Accordingly, the court will, in accordance with Plaintiff's objection, and allowing some time for DeLuca's consideration, reduce this time-entry request to .20 or 12 minutes. Plaintiff's other objection to Defendant's Request, *see* Housh Declaration, Dkt. 158, ¶ 10, that the overall time period of two-weeks during which DeLuca prepared Defendant's motion is "implausible" is simply too generalized to warrant any reduction of Defendant's Request in a particular amount. Nor is there any merit to Plaintiff's objection that Defendant's Request fails to include "rates, documents, logs, or any documentation in support." Housh Declaration, Dkt. 158, ¶ 14. It is well-established that a fee award under Rule 37

is sufficiently supported by contemporaneously maintained time entry billing records such as those for DeLuca's work on Defendant's motion submitted by Defendant's Request. *See CSL Silicones, Inc.*, 2017 WL 1399630, at *2 (quoting *New York State Association for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983) ("All applications for attorneys fees . . . should normally be disallowed unless accompanied by contemporaneous time records indicating, for each attorney, the date, the hours expended, and the nature of the work done.")). A careful examination of the relevant time records, Exhibit A, proffered by Defendant indicates such records include (1) the date on which the claimed work by DeLuca was performed, (2) a fairly detailed description of the work performed, (3) the amount of time in hours or fractions (*i.e.*, .1 = six minutes) thereof, and (4) the corresponding amount of fees for services billed to Defendant using DeLuca's agreed hourly rate of $210. Additionally, DeLuca has averred that all the entries reflected in Exhibit A are "based on contemporaneous time and billing entries prepared by your Declarant and entered into Kavinoky Cook LLP's electronic billing system." Dkt. 145 ¶ 22. Plaintiff's Opposition does not purport to contradict DeLuca's Declaration in raising any question regarding the authenticity of Exhibit A, and, accordingly, Plaintiff's assertion that Defendant's Request lacks sufficient documentation is baseless.

Finally, Plaintiff's request for a hearing to allow Plaintiff to testify must also be rejected. Plaintiff's assertion that Defendant, through DeLuca, is engaged in an attempt to coerce Plaintiff into withdrawing this case, *see* Housh Declaration ¶¶ 5, 16, is irrelevant to whether the amount of expenses incurred by Defendant in prosecuting Defendant's motion is reasonable, the only question presently before the court. How,

as a non-lawyer, Plaintiff's testimony could be potentially helpful to the court's determination of that issue is not explained by Plaintiff. Accordingly, there is no ground to warrant a hearing as Plaintiff requests.

Finally, as Defendant notes, Dkt. 145 n. 3, the court has not determined whether an award of expenses in connection with Defendant's motion should be allocated to either Plaintiff or Plaintiff's attorney in accordance with Fed.R.Civ.P. 37(a)(5)(A). Based on the record, although Plaintiff's evident dislike of Defendant's attorney may have influenced Plaintiff's counsel's choice of tactics in defending Plaintiff's deposition, nevertheless the court finds responsibility for the underlying disagreements arising during the Plaintiff's deposition sessions and Plaintiff's counsel's unexcused misconduct should be assigned exclusively to Plaintiff's counsel. Accordingly, responsibility for payment of this award is placed on Plaintiff's attorney, Frank T. Housh, Esq..

## CONCLUSION

Based on the foregoing, Defendant's Request and Defendant's Supplemental Request in the amount of $15,413.48 ($15,613.50 ($15,739.50 - $126[1]) + $2,520.00 = $18,133.50 – 15%) is GRANTED. Payment thereof to Defendant shall be made <u>within 30</u> <u>days</u> of this Decision and Order.

SO ORDERED.

                                       /s/ *Leslie G. Foschio*

                               _____
                                  LESLIE G. FOSCHIO
                       UNITED STATES MAGISTRATE JUDGE

Dated: May 31, 2017
       Buffalo, New York

---

[1] Represents the court's reduction to .20 hours from .80 hours for DeLuca's review of the February 28, 2017 D&O times $210.