UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DAWN SCOTT-IVERSON,

                      Plaintiff,

    v.

INDEPENDENT HEALTH ASSOCIATION, INC.,

                      Defendant.
_____

**DECISION
and
ORDER**

**13-CV-451V(F)**

APPEARANCES:       FRANK T. HOUSH, ESQ.
                         Attorney for Plaintiff
                         70 Niagara Street
                         Buffalo, New York   14202

                         KAVINOKY & COOK, LLP
                         Attorneys for Defendant
                         R. SCOTT DELUCA, of Counsel
                         726 Exchange Street, Suite 800
                         Buffalo, New York  14210


In this employment discrimination action based on Plaintiff's gender and race, by papers filed June 29, 2017 (Dkt. 163), Plaintiff moves for judgment against Defendant for costs and fees in opposing Defendant's motion for contempt pursuant to Fed.R.Civ.P. 37(b)(2)(A)(vii) ("Rule 37(b)") and by papers filed August 29, 2016 (Dkt. 112) for sanctions pursuant to Fed.R.Civ.P. 16(f) ("Rule 16(f)") ("Plaintiff's motion"). Specifically, Plaintiff asserts that because the court in its Amended Decision and Order resolving Defendant's motion, filed January 4, 2014 (Dkt. 132), did not find Plaintiff or Plaintiff's counsel, Frank T. Housh, Esq. ("Housh") in contempt under Rule 37(b) as Defendant requested and, instead, awarded sanctions in the form of monetary penalties against Housh for misconduct in defending Plaintiff's deposition under Rule 16(f) and

Fed.R.Civ.P. 30(d)(2) ("Rule 30(d)(2)"), *see* Amended D&O, Dkt. 132, at 23-24, 27, Plaintiff's opposition to Defendant's request for contempt was successful such that Plaintiff is now entitled to Plaintiff's costs of successfully opposing Defendant's motion pursuant to Local R.Civ.P. 83.4(d) ("Rule 83.4(d)"). Rule 83.4(d) provides that where an "alleged contemnor shall be found not guilty of the charges made against them . . . in the discretion of the Court, [the contemnor] may have judgment against the complainant for their [*sic*] costs and disbursements and a reasonable counsel fee."

Defendant opposes Plaintiff's motion on two grounds. First, Defendant contends Plaintiff's motion, filed approximately six months after the Amended D&O was filed on January 4, 2017, is untimely as not filed "within a reasonable period of time," *i.e.*, 30 days after January 4, 2017 constituting a "waiver" of any relief pursuant to Rule 83.4(d). Dkt. 166 ¶ 16. Defendant notes Plaintiff's motion fails to provide any justification for such delay. *Id.* ¶ 18. Alternatively, Defendant argues that as the court found Defendant's motion meritorious as to most of the asserted acts of misconduct by Housh, it can hardly be said that Housh successfully avoided being held "guilty" for the misconduct alleged in support of Defendant's motion. Dkt. 166 ¶ 26. Additionally, Defendant cites the court's award of attorneys fees to Defendant pursuant to Fed.R.Civ.P. 37(b)(2)(C) as indicative that Housh's misconduct and Plaintiff's unexcused refusal to answer Defendant's 11 relevant questions during Plaintiff's deposition was not substantially justified and that such award would, in the circumstances not be unjust. Dkt. 166 ¶¶ 30, 34. Accordingly, Defendant contends that given these facts, the court should not, in its discretion under Rule 83.4(d), grant Plaintiff's motion. *Id.* ¶ 37. Finally, Defendant requests the court award Defendant

reasonable attorneys fees and costs incurred in opposing Plaintiff's motion. Dkt. 166 ¶ 37.

In reply, Plaintiff points to the absence of any precedent supporting that Plaintiff's motion is untimely, Dkt. 168 ¶ 4, and that any undue delay in filing Plaintiff's motion resulted from Plaintiff's and Housh's need to consider the adverse financial impact of the court's previous awards of sanctions against Plaintiff and Housh which remained unpaid. Dkt. 168 ¶¶ 8-10. Plaintiff also contends that Defendant's assertion that the court is prescinding in the Amended D&O from a finding of contempt pursuant to Rule 37(b) manifested the court's desire to exercise "leniency," amounts to unsupported conjecture. Dkt. 168 ¶¶ 17-19. Plaintiff further objects to Defendant's requests for its costs in opposing Plaintiff's motion on the ground that Rule 83.4(d) provides for no such relief, Dkt. 168 ¶ 25, and the court should not thereby add to the substantial amount of attorneys fees already awarded against Plaintiff and Housh in this litigation, and supports Plaintiff's belief that Defendant's several motions to compel resulting in such sanctions represents an illegitimate attempt to pressure Plaintiff into abandoning Plaintiff's case. *Id.* ¶ 29.

1. <u>Plaintiff's Motion is Untimely</u>.

Although Rule 83.4(d) lacks any stated time limit where a rule or statute providing for relief fails to do so, the required time period should be one that is reasonable in the circumstances. *See Petrol Shipping Corp. v. Kingdom of Greece, Ministry of Commerce, Purchase Directorate*, 360 F.2d 103, 108 (2d Cir.) ("When there is no Federal Rule, and no local rule, the court may fashion one not inconsistent with the Federal Rules."), *cert. denied*, 385 U.S. 931 (1966). Thus, for example, in the case of

Rule 37(b), which, like Rule 83.4(d), provides no specific accrual date or time period within which a party is required to move, "the court will consider delay in filing the motion and the procedural posture of the case in deciding whether a motion to compel is timely." Baicker-McKee, Jenssen, Corr, FEDERAL CIVIL RULES HANDBOOK (Thompson Reuters 2017) at 912 (citing cases). Moreover, determinations of such untimeliness are discretionary. *See Smolen v. Menard,* 398 Fed.Appx. 684 at *1 (2d Cir. Oct. 28, 2010) (magistrate judge's order denying plaintiff's late motion to compel on ground not supported by record affirmed). Here, despite that no summary judgment motions have been filed and there is no trial date, Plaintiff's motion is untimely. Orderly disposition of cases requires parties not unduly delay in seeking relief. *See* Fed.R.Civ.P. 1 (federal rules to "be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding"). Plaintiff's assertion that the six-month delay in seeking relief pursuant to Rule 83.4(d) was justified by the need to evaluate the impact of the prospective sanctions awarded by the Amended D&O borders on the disingenuous. It is quite apparent from the record that Plaintiff did not consider Plaintiff's motion as necessary until after the court filed on May 31, 2017 its Decision and Order awarding Defendant $15,413.48 in attorneys fees and costs incurred in successfully prosecuting Defendant's motion resulting in the Amended D&O. Plaintiff's assertion that six months was necessary to fully consider the alleged adverse financial impact upon Plaintiff and Housh resulting from the Amended D&O's finding of Housh's and Plaintiff's well-documented misconduct as Defendant requested lacks credulity. If Plaintiff and Housh were entitled to any relief under Rule 83.4(d) based on the Amended D&O's failure to

4

find either were in contempt pursuant to Rule 37(b) based on the misconduct and violations of the court's pretrial discovery orders and Rule 30(d)(2), as Defendant requested, Plaintiff's motion should have been filed within a reasonable time after the Amended D&O was filed, in this case 30 days, not six months later.  Accordingly, Plaintiff's motion is untimely, and should be DENIED.

    2.  <u>Rule 83.4 Relief</u>.

Even if Plaintiff's motion was timely filed, neither Plaintiff nor Housh should be granted any relief under Rule 83.4.  Defendant's alternative request for a finding of contempt under Rule 37(b) did not preclude an award of sanctions pursuant to Rule 16(f), as Defendant alternatively requested, upon which the court relied in the Amended D&O.  The listing of available sanctions for discovery related misconduct as stated in Rule 37(b) is not exclusive.  See *Salahuddin v. Harris*, 782 F.2d 1127, 1131 (2d Cir. 1986) ("Rule 37(b)(2) contains a non-exclusive list of sanctions that may be imposed on a party when the party 'fails to obey an order to provide or prevent discovery.'") (citing Rule 37(b)(2)); *see also S.E.C. v. Razmilovic*, 738 F.3d 14, 25 (2d Cir. 2013) (court has "'wide discretion in imposing sanctions under Rule 37'" (quoting *Shcherbakovskiy v. Da Capo Al Find, Ltd.*, 490 F.3d 130, 135 (2d Cir. 2007) (internal quotation marks omitted)), and the court's discretion in the imposition of a discovery-related sanction will be sustained provided it is found to be "just."  See *Razmilovic*, 738 F.3d at 23; *see also Moore v. Napolitano*, 723 F.Supp.2d 167, 170 (D.D.C. 2010) (magistrate judge had authority to impose "just order[ ]" as sanction for defendant's failure to produce pursuant to Rule 37(b)).  Here, that the court in its discretion declined to find Housh and Plaintiff in contempt pursuant to Rule 37(b) thus avoiding potentially more severe

5

consequences to Plaintiff and Housh, *see* J. Fleischer, IN DEFENSE OF CIVIL CONTEMPT, 36 Col. J.L. 35 & Soc. Problems, at 35 ("severity of civil contempt sanctions justifiable because it renders civil contempt sanctions coercive, and thereby insures their effectiveness"), does not support that Plaintiff and Housh were not also guilty of contempt as a sanction under Rule 37(b)(2).  Thus, because the court chose to impose lesser, but fully authorized sanctions for Plaintiff's and Housh's multiple acts of misconduct in the form of monetary penalties, fully supported by the record which instances Plaintiff did not dispute, it cannot be said that Plaintiff and Housh were thereby somehow exonerated; to the contrary, there is little question the multiple acts of misconduct during Plaintiff's deposition occurred and warranted some form of sanctions in order to preserve the integrity and assure future compliance with the court's pretrial orders enforceable under Rule 16(f) and Rule 30(d)(2) governing the conduct of deposition practice.  It is untenable that the equitable purpose of Rule 83.4 would be served by allowing Plaintiff to engage in such undisguised hair-splitting.  Simply, Plaintiff's motion seeking relief under Rule 83.4(d) ignores reality and seeks relief the court in its discretion declines to grant.  To grant Plaintiff's motion would be to exalt form over substance and stand Rule 83.4(d) on its head.

   3. <u>Defendant's Request for Sanctions</u>.

As noted, Defendant requests sanctions against Plaintiff and Housh asserting Plaintiff's motion is wholly lacking in merit.  Dkt. 166 ¶ 37 ("Defendant's request").  Although Defendant's request does not specify a particular ground for such relief, the court finds that given the untimeliness and lack of substance of Plaintiff's motion there are at least colorable grounds to find Plaintiff's motion warrants sanctions against

Housh for violation of 28 U.S.C. § 1927 (attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees incurred because of such conduct.") ("§ 1927"). *See Kiefel v. Las Vegas Hacienda, Inc.*, 404 F.2d 1163, 1167 (7th Cir. 1968) ("unreasonably and vexatiously" includes attorney's "acts of misconduct were intentional, involving serious breaches of the Canons of Ethics."). *See In re 60 East 80th Street Equities, Inc.*, 218 F.3d 109, 115 (2d Cir. 2000) (sanctions may be imposed under § 1927 "only when there is a finding of conduct constituting or akin to bad faith" (quotation omitted)). However, on August 11, 2017 (Dkt. 171), Defendant nevertheless withdrew its request for attorneys fees and costs, and the court will not therefore proceed further with Defendant's request. Accordingly, Defendant's request is deemed WITHDRAWN.

## CONCLUSION

Based on the foregoing, Plaintiff's motion (Dkt. 163) is DENIED; Defendant's request for sanctions (Dkt. 166) is WITHDRAWN.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: August 16, 2017
       Buffalo, New York